# EXHIBIT "A"

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re | : Chapter 15 |
| | : |
| | : |
| WIRECARD AG,[1] | : Bky. No. 21-10936 ELF |
| | : |
| | : |
| Debtor in a Foreign Proceeding. | : |
| | : |

**ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A**
**FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1504,**
**1509, 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE**

Dr. Michael Jaffé, duly appointed insolvency administrator (the "Petitioner") of Wirecard

AG ("Wirecard"), a public limited company subject to a pending insolvency proceeding (the

"German Proceeding") in the Federal Republic of Germany ("Germany") by way of the order dated

August 25, 2020 (case no. 1542 IN 1308/20) (the "Insolvency Order") made by the Munich Local

Court (the "German Court"), by its United States counsel, Kurtzman Steady LLC and Morrison &

Foerster LLP, having filed the Official Form Petition and the *Verified Petition for Recognition of a*

*Foreign Main Proceeding and Application for Related Relief, and Memorandum of Law in Support*

*Thereof* (the "Verified Petition"[2] and, together with the Official Form Petition, the "Petition"), and

the accompanying Pleister Declaration, Madaus Declaration, and Goren Declaration, seeking relief

pursuant to chapter 15 of the Bankruptcy Code; and upon due consideration of the Petition and the

Declarations, together with all exhibits thereto, in support of the Petition; and a hearing having

been held on May 6, 2021 (the "Hearing"), at which the Declarations were received in evidence;

and appropriate and timely notice of the filing of the Petition and the Hearing thereon having been

given

---

[1] The Debtor's company number, registered with the local court of Munich, is HRB 169227. The registered office of the Debtor is Einsteinring 35, 85609 Aschheim, Germany.

ny-2086723

by Petitioner, pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and any objections or other responses to the Petition having been withdrawn, overruled, or otherwise resolved; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B. Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410(2) because the Securities Litigation is pending against Wirecard in this district, and the Court may enter a final order consistent with Article III of the United States Constitution.

C. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D. Petitioner is the "foreign representative" of Wirecard pursuant to 11 U.S.C. § 101(24).

E. The chapter 15 case of Wirecard was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

F. Petitioner has satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G. The German Proceeding is a "foreign proceeding" pursuant to 11 U.S.C. § 101(23).

H. The German Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I. The German Proceeding is pending in Germany, the country where Wirecard's center of main interests is located, and accordingly the German Proceeding is a foreign main proceeding

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Verified Petition.

ny-2086723

pursuant to 11 U.S.C. § 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.    Petitioner is entitled to all of the relief provided under 11 U.S.C. § 1520 and certain additional relief pursuant to 11 U.S.C. § 1521.

K.    The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520, and 1521.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.    That the Petition is granted as set forth herein.

2.    The German Proceeding is recognized as a foreign main proceeding pursuant to 11 U.S.C. §§ 1517(a) and (b)(1).

3.    The relief and protection afforded under 11 U.S.C. § 1520 is hereby granted, including the application of the automatic stay under section 362 of the Bankruptcy Code to Wirecard and its property in the territorial jurisdiction of the United States; *provided*, that nothing herein modifies or limits the exceptions to the automatic stay that are set forth in section 362 or elsewhere in the Bankruptcy Code.  Accordingly, to the extent permitted by section 362 or elsewhere in the Bankruptcy Code, all persons and entities are stayed from:

(a)    executing against Wirecard's property or assets;

(b)    taking or continuing any act to obtain possession of, or exercise control over, Wirecard or any of Wirecard's property or assets;

(c)    taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against Petitioner (with respect to Wirecard), Wirecard, or any of Wirecard's property or assets as of the date of the filing of the Petition,

ny-2086723

or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to Wirecard or any of Wirecard's property or assets; and

(d)    transferring, relinquishing or disposing of any property of Wirecard to any person or entity other than Petitioner.

4.    Petitioner is hereby authorized to take possession and to seek turnover of any and all documents, records, filings, or other information, however stored, that belongs to Wirecard and that is found in the territorial jurisdiction of the United States.

5.    Petitioner is authorized to operate the business of Wirecard that is the subject of the German Proceeding and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 1520.

6.    The administration or realization of all or part of the assets of Wirecard within the territorial jurisdiction of the United States of America is hereby entrusted to Petitioner and Petitioner is hereby established as the exclusive representative of Wirecard in the United States of America.

7.    The Securities Litigation styled *In re Wirecard AG Securities Litigation*, No. 2:20-cv-03326-AB currently pending in the United States District Court for the Eastern District of Pennsylvania is stayed and the Securities Plaintiffs are hereby permanently enjoined from taking any action in the Securities Litigation, in each case solely with respect to Wirecard, pending the closing of the chapter 15 case or further order of the Court.

8.    This Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

ny-2086723

9.    Notwithstanding Bankruptcy Rule 7062, made applicable to this chapter 15 case by Bankruptcy Rule 1018, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and upon its entry, this Order shall become final and appealable.

Date:  5/6/21

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

ny-2086723