UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re WIRECARD AG SECURITIES LITIGATION | ) ) ) ) | Civ. Action No. 2:20-cv-03326-AB<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) | LEAD PLAINTIFFS' RESPONSE TO THE COURT'S AUGUST 24, 2022 ORDER TO SHOW CAUSE #83 |

4895-9411-2305.v1

By and through their undersigned attorneys, Lead Plaintiffs Thanh Sam ("Sam") and Lawrence Gallagher ("Gallagher") (together, "Plaintiffs") hereby submit this response to the Court's August 24, 2022 Order (ECF 83) ("Order to Show Cause"). On August 24, 2022, the Court issued the Order to Show Cause: (1) "[w]hy Defendants Jan Marsalek, Burkhard Ley, Susanne Steidl, Alexander Von Knoop, and Wulf Matthias should not be dismissed for lack of service"; and (2) "[w]hy Defendant Markus Braun should not be dismissed for lack of prosecution." Order to Show Cause at 1.[1]

As explained in detail below, Plaintiffs' efforts to serve Individual Defendants Marsalek, Ley, Steidl, von Knoop, and Matthias (the "Unserved Defendants") were unsuccessful, and Plaintiffs do not object to their being dismissed for lack of service.

Braun, however, should not be dismissed for lack of prosecution. Instead, as explained below and in Lead Plaintiffs' Request for Entry of Default, filed concurrently herewith, the Clerk of Court should enter Braun's default.

## I.    Plaintiffs Do Not Object to the Dismissal of the Unserved Defendants for Lack of Service

Plaintiffs do not oppose the dismissal of the Unserved Defendants. Under Federal Rule of Civil Procedure 4, time limit for service "does not apply to service in a foreign country," like Germany, where Plaintiffs attempted to serve the Unserved Defendants, "that does not mean that the time to effectuate service is unlimited." Fed. R. Civ. P. 4(m); *U. S. ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 522 (E.D. Pa. 2010).[2] "Instead, courts have determined timeliness and sufficiency of service by employing a 'flexible due diligence' standard, which considers the

---

[1]    "Defendants"    are    Wirecard    AG    ("Wirecard"),    Ernst    &    Young    GmbH Wirtschaftsprüfungsgesellschaft ("EY"), and "Individual Defendants" Markus Braun, Burkhard Ley, Alexander von Knoop, Jan Marsalek, Susanne Steidl, and Wulf Matthias.

[2]    All citations and footnotes omitted and emphasis added unless otherwise indicated.

4895-9411-2305.v1

reasonableness of the plaintiff's effort and the prejudice to the defendant resulting from any delay." *Id.* Courts also consider "whether plaintiff moved for an enlargement of time to serve." *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).

In this case, Plaintiffs made reasonable efforts to serve the Unserved Defendants. On October 13, 2020, Sam was appointed Lead Plaintiff, and Robbins Geller Rudman & Dowd LLP was appointed as Lead Counsel for the putative Class. ECF 31. At a telephonic hearing the next day, the Court instructed counsel to serve the complaint on Defendants. ECF 33; Williams Decl., ¶3.[3] Shortly thereafter, on October 19, 2020, counsel contacted APS International, Ltd. Civil Action Group ("APS International"), a service provider, to assist with service of the foreign Defendants. Williams Decl., ¶4. On October 20, 2020, Lead Plaintiff Sam filed a motion to extend the time to complete service on Defendants until April 19, 2021. ECF 43. The Court granted that motion. ECF 44.

Subsequently, counsel worked diligently with APS International, the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania, and the Court's chambers staff to serve Defendants pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. Williams Decl., ¶¶5-8. On December 11, 2020, Lead Plaintiffs Sam and Gallagher[4] moved the Court to appoint APS International as a special process server. ECF 50. The Court granted that motion. ECF 51. On April 13, 2021, Plaintiffs again moved to extend the time for

---

[3]    All "Williams Decl. ¶__" citations herein are to the Declaration of Shawn A. Williams in Support of Lead Plaintiffs' Response to the Court's August 24, 2022 Order to Show Cause #83, filed concurrently herewith.

[4]    On October 27, 2020, Lead Plaintiff Gallagher was also appointed as Lead Plaintiff and Hagens Berman Sobol Shapiro LLP as Lead Counsel, after the current action was consolidated with a transferred action from the United States District Court for the Central District of California. ECFs 45-46.

4895-9411-2305.v1

service to permit the German authorities requisite time to serve Defendants.  ECF 58.  As noted in the Order to Show Cause, the Court granted that motion and Ordered Plaintiffs to serve Defendants by August 19, 2021, explaining that "[e]xtensions may be granted for good cause.  ECF 59; Order to Show Cause at 1 n.1.

On August 12, 2021, counsel received confirmation from APS International that EY, Braun, and Wirecard had been served.  Williams Decl., ¶8.  APS International also informed counsel that documents were being translated from German into English, and that the proof of service for Wirecard had been partially destroyed in the mail and was being replaced by the German authorities.  Williams Decl., ¶8.  Counsel was also informed that despite their efforts, APS International was unable to serve the Individual Defendants other than Braun, and that proofs of non-service would be provided for them.  Williams Decl., ¶8.  On September 29, 2021, Plaintiffs submitted proofs of service for EY (ECF 72), Braun (ECF 73), and Wirecard (ECF 74).

Plaintiffs made reasonable efforts to serve the Unserved Defendants, but were unsuccessful, and it is unclear how the Unserved Defendants would be prejudiced by the lack of service, given that they were employees or officers of Wirecard, against whom this litigation has been stayed pending a suggestion of bankruptcy.  ECFs 60-61; *see also MCI*, 71 F.3d at 1097 ("absence of prejudice alone can never constitute good cause to excuse late service").  However, Plaintiffs did not move to extend the time to serve the Unserved Defendants beyond August 19, 2021.  See Order to Show Cause at 1 n.1.  Accordingly, Plaintiffs do not oppose the dismissal of the Unserved Defendants from this action.

## II.    Braun Should Not Be Dismissed for Lack of Prosecution and the Court Should Direct the Clerk to Enter Default Against Braun

"The Third Circuit has emphasized that dismissal of a cause of action for failure to prosecute is a drastic sanction only to be used in extreme circumstances." *Herrman v. Allstate Ins. Co.*, 450 F. Supp. 2d 537, 542 (E.D. Pa. 2006); *see id.* at 541 (holding that a complaint should dismissed with

- 3 -

prejudice for failure to prosecute after the plaintiff "failed to prosecute any of her claims for over seven years"). In *Herrman*, the Third Circuit set out factors to be considered before dismissing a case for lack of prosecution:

> (1) the extent of the ***party's*** personal ***responsibility***; (2) the ***prejudice*** to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a ***history*** of dilatoriness; (4) whether the conduct of the party or the attorney was ***willful*** or in ***bad faith***; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of ***alternative sanctions***; and (6) the ***meritoriousness*** of the claim or defense.

*Id.* at 542 (emphasis in original).

These factors are clearly not present here. Plaintiffs have not failed to meet any scheduling order or respond to discovery, nor would Braun be prejudiced by such failure were that the case. There is no scheduling order.[5] There has been no discovery because this is a federal securities class action and, as such, is subject to the Private Securities Litigation Reform Act of 1995's ("PSLRA") stay of discovery "during the pendency of any motion to dismiss." 15 U.S.C. §78u-4(b)(3)(B).[6] Accordingly, this case has been and will remain stayed for all intents and purposes pending resolution of EY's motion to dismiss. ECF 64. No Defendant has filed an answer.[7] Therefore, although this case has been proceeding for just over two years, there has been no failure to prosecute, and no prejudice has been suffered by Braun due to any perceived delay because the case has not advanced in any meaningful way since Plaintiffs filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (ECF 53). Moreover, Braun is currently facing prosecution in other actions in Germany that are related to the alleged long-running fraud which

---

[5]  This means that class certification briefing has not been scheduled, nor have Plaintiffs filed a motion for class certification (*i.e.*, Plaintiffs have not materially advanced their case against Braun).

[6]  Plaintiffs moved to partially lift the PSLRA discovery stay (ECF 49; *see also* ECF 52), but that request remains unresolved, and no discovery has been served in this case.

[7]  The case against Wirecard has been stayed (ECF 61), due to Wirecard's suggestion of bankruptcy (ECF 60).

- 4 -

ended in 2020 Germany, and therefore he is not prejudiced by the delay in request for default as relevant events are recent, and he is actively defending himself against similar allegations elsewhere. *See* Williams Decl., Ex. 1 (reporting that Braun is in custody because he is a flight risk and that his trial is expected to commence this fall)[8]; *cf. Herrman*, 450 F. Supp. 2d at 542-43 (finding a defendant would be prejudiced when "[t]he underlying events of this case occurred . . . over twelve years ago").

In fact, Plaintiffs have diligently and promptly prosecuted this case, including against EY, the only Defendant to have filed a motion to dismiss in this case.  Braun, on the other hand, has been dilatory in failing to appear and to answer or otherwise respond to Plaintiffs' allegations, which makes the entry of default under Federal Rule of Civil Procedure 55(a) appropriate.

Moreover, dismissal for lack of prosecution is particularly ill-suited for this case given the merits of Plaintiffs' claims and "the policy of law which favors disposition of litigation on its merits." *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974).  Plaintiffs' claims relate to a massive fraud where "Defendants were forced to admit that *€1.9 billion* they claimed had been safely deposited in Philippines bank accounts, in fact, '*do[es] not exist*.'  The missing money is equivalent to every euro of profit that Wirecard claimed to have earned since 2012." ECF 53, ¶4.  As a result of the revelation of this fraud, Wirecard's share price "fell by more than 99%," and Wirecard was forced into insolvency.  *Id.*  Braun was the CEO of Wirecard, and he is alleged to have personally engaged in the fraud, (*see, e.g.*, *id.*, ¶¶117, 133, 173-174, 202-203), as well as furthered the fraud in the United States by, among other acts, participating in Wirecard's "Capital Markets Day" in New York City (*id.*, ¶91).

---

[8]    Olaf Storbeck, Dan McCrum, *Wirecard: the case against Markus Braun*, Financial Times (Mar. 22, 2022), https://tinyurl.com/4696sy53.

4895-9411-2305.v1

For the foregoing reasons, Braun should not be dismissed for lack of prosecution.  Moreover, as explained in the concurrently filed request for default, Braun is a "party against whom a judgment for affirmative relief is sought [and he] has failed to plead or otherwise defend," so the Clerk of Court's entry of his default is appropriate under Federal Rule of Civil Procedure 55(a).  Fed. R. Civ. P. 55(a).

DATED:  September 6, 2022                              SAXTON & STUMP
                                                       LAWRENCE F. STENGEL (P.A. Bar # 32809)


                                                              s/ Lawrence F. Stengel
                                                       LAWRENCE F. STENGEL

                                                       280 Granite Run Drive, Suite 300
                                                       Lancaster, PA  17601
                                                       Telephone:  717/556-1000
                                                       717/441-3810 (fax)
                                                       lfs@saxtonstump.com

                                                       *Local Counsel for Lead Plaintiffs*

                                                       SEEGER WEISS LLP
                                                       CHRISTOPHER A. SEEGER
                                                       55 Challenger Road, 6th Floor
                                                       Ridgefield Park, NJ  07660
                                                       Telephone:  212/584-0700
                                                       212/584-0799 (fax)
                                                       cseeger@seegerweiss.com

                                                       *Additional Counsel for Plaintiff*

                                                       ROBBINS GELLER RUDMAN
                                                         & DOWD LLP
                                                       SHAWN A. WILLIAMS
                                                       HADIYA K. DESHMUKH
                                                       Post Montgomery Center
                                                       One Montgomery Street, Suite 1800
                                                       San Francisco, CA  94104
                                                       Telephone:  415/288-4545
                                                       415/288-4534 (fax)
                                                       shawnw@rgrdlaw.com
                                                       hdeshmukh@rgrdlaw.com

- 6 -

4895-9411-2305.v1

- 7 -

HAGENS BERMAN SOBOL SHAPIRO LLP
REED R. KATHREIN
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVEN W. BERMAN
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone:  206/623-7292
206/623-0594 (fax)
steve@hbsslaw.com

*Lead Counsel for Lead Plaintiffs Thanh Sam and Lawrence Gallagher*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
PERETZ BRONSTEIN
60 East 42nd Street, Suite 4600
New York, NY  10165
Telephone:  212/697-6484
212/697-7296 (fax)
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Thanh Sam*

4895-9411-2305.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 6, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Lawrence F. Stengel
LAWRENCE F. STENGEL

SAXTON & STUMP
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
Telephone: 717/556-1000
717/441-3810 (fax)
E-mail: lfs@saxtonstump.com

4895-9411-2305.v1

9/6/22, 1:39 PM

Case 2:20-cv-03326-AB   United States District Court Eastern District of Pennsylvania   Document 84   Filed 09/06/22   Page 10 of 11

# Mailing Information for a Case 2:20-cv-03326-AB IN RE: WIRECARD AG SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lee Albert**
  lalbert@glancylaw.com,lee-albert-5832@ecf.pacerpro.com,info@glancylaw.com

- **GEORGE A. BORDEN**
  gbprden@wc.com

- **PERETZ BRONSTEIN**
  peretz@bgandg.com

- **Vincent A. Coppola**
  vcoppola@pribanic.com,gregory@pribanic.com

- **HADIYA K. DESHMUKH**
  hdeshmukh@rgrdlaw.com,hdeshmukh@ecf.courtdrive.com

- **STEVEN M. FARINA**
  sfarina@wc.com

- **JOHN H. GEORGE**
  jgeorge@rgrdlaw.com,jgeorge@ecf.courtdrive.com,smorris@ecf.courtdrive.com

- **JACOB A. GOLDBERG**
  jgoldberg@rosenlegal.com,etexidor@rosenlegal.com

- **REED KATHREIN**
  reed@hbsslaw.com,sf_filings@hbsslaw.com

- **JEFFREY L. KODROFF**
  jkodroff@srkattorneys.com

- **AMANDA MACDONALD**
  amacdonald@wc.com

- **WILLIAM S. NORTON**
  bnorton@motleyrice.com,mhickey@motleyrice.com

- **MICHAEL J. QUIRK**
  mquirk@motleyrice.com,hfonseca@motleyrice.com,lmandara@motleyrice.com

- **LAURENCE MATTHEW ROSEN**
  LRosen@Rosenlegal.com

- **CHRISTOPHER A. SEEGER**
  cseeger@seegerweiss.com,styjer@seegerweiss.com,seegerweiss@myecfx.com,rbarreca@seegerweiss.com,sabrina-tyjer-1389@ecf.pacerpro.com,msheridan@seegerweiss.com,DKekatos@seegerweiss.com,dsparks@seegerweiss.com,abadaruzzaman@seegerweiss.com,dion--kekatos-1017@ecf.pacerpro.com

- **LAWRENCE F. STENGEL**
  lfs@saxtonstump.com,cag@saxtonstump.com,jss@saxtonstump.com

- **DAVID A. STRAITE**
  dstraite@kaplanfox.com

- **Craig Singer**
  csinger@wc.com

- **Danielle Smith**
  danielles@hbsslaw.com,sf_filings@hbsslaw.com

- **SHAWN A. WILLIAMS**
  shawnw@rgrdlaw.com,smorris@rgrdlaw.com,e_file_sd@rgrdlaw.com,jgelman@rgrdlaw.com,shawnw@ecf.courtdrive.com,JGelman@ecf.courtdrive.com

- **WESLEY A. WONG**
  wesleyw@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Lucas          E Gilmore**
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue    Suite 202
Berkeley, CA 94710