UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re WIRECARD AG SECURITIES LITIGATION | ) Civ. Action No. 2:20-cv-03326-AB ) ) <u>CLASS ACTION</u> ) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) MEMORANDUM OF LAW IN SUPPORT ) OF LEAD PLAINTIFFS' MOTION FOR ) RECONSIDERATION OF ORDER #88 ) (GRANTING MOTION TO DISMISS FOR ) LACK OF PERSONAL JURISDICTION) ) OR, IN THE ALTERNATIVE, FOR ENTRY ) OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b) |

**I.      INTRODUCTION**

Lead Plaintiffs Thanh Sam and Lawrence Gallagher ("Plaintiffs") hereby respectfully move the Court to reconsider its Order (ECF 88) (the "Order") granting Defendant Ernst & Young GmbH Wirtschaftsprüfungsgesellschaft's ("EY Germany") motion to dismiss for lack of personal jurisdiction (ECF 64) ("MTD"). Specifically, Plaintiffs seek reconsideration of Plaintiffs' request for jurisdictional discovery, which was unaddressed in the Order, in the event the Court found there was no personal jurisdiction over EY Germany in this forum. *See* Lead Plaintiffs' Opposition to Defendant Ernst & Young GmbH Wirtschaftsprüfungsgesellschaft's Motion #64 (To Dismiss) (ECF 76) ("Opp.") at 35. In the alternative, Plaintiffs respectfully request that the Court enter judgment pursuant to Federal Rule of Civil Procedure 54(b) on the claims against EY Germany and expressly find that there is no just reason for delay in doing so.[1]

**II.     ARGUMENT**

    **A.     Reconsideration of the Denial of Jurisdictional Discovery Is Necessary to Prevent a Manifest Injustice**

Plaintiffs file this timely and narrow instant Motion for Reconsideration of the Court's denial of Plaintiffs' request for jurisdictional discovery on EY Germany's relationship with Wirecard North America, Inc. ("Wirecard North America") and Wirecard North America's connection to the alleged fraud. *See* Opp. at 35. Under Rule 7.1(g) of the Local Rules of Civil Procedure, a motion for reconsideration must be filed within 14 days of the order concerned. The Order granting EY Germany's MTD and accompanying Memorandum (ECF 87) ("Memorandum"

---

[1]  In the Opp., Plaintiffs requested leave to amend the pleadings if the Court found the alleged facts to be insufficient to survive EY Germany's MTD. *See* Opp. at 35. For the reasons explained below, if the Court does not permit Plaintiffs to take jurisdictional discovery, Plaintiffs request entry of judgment pursuant to Rule 54(b) on the claims against EY Germany. If Plaintiffs are permitted to take jurisdictional discovery, they reiterate their request for leave to amend so that they may add allegations based on that discovery.

or "Mem.") that are the subject of Plaintiffs' Motion for Reconsideration were entered on December 8, 2022, which means that the Rule 7.1(g) deadline to file a motion for reconsideration is December 22, 2022.

For the Motion to be granted, one of the following circumstances must be present: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).[2] Reconsideration of the Order's omission of Plaintiffs' request for jurisdictional discovery is justified by the manifest injustice prong of this inquiry.  To meet this prong, a movant must demonstrate that a court "committed a 'direct, obvious, [or] observable error,' and one that is of at least some importance to the larger proceedings." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018) (alteration in original).

In the Opp., Plaintiffs requested the Court permit jurisdictional discovery of EY Germany's relationship with Defendant Wirecard AG's ("Wirecard" or the "Company") American subsidiary, Wirecard North America, as well as Wirecard North America's connection to the alleged fraud. Opp. at 35.  Plaintiffs illustrated the kind of discovery they sought by reference to their still-pending Motion to Partially Lift the Private Securities Litigation Reform Act of 1995 ("PSLRA") Discovery Stay (ECF 49) as to Wirecard North America, which, at the time of its November 2020 filing, had recently been sold by its German parent, Defendant Wirecard.  Opp. at 35 n.18.[3]  For example, Plaintiffs referenced their prior request for:

> All documents concerning audits of [Wirecard North America] or Wirecard, including all audit workpapers, communications with or about [EY Germany] or

---

[2]   All citations and footnotes omitted and emphasis added unless otherwise indicated.

[3]   Plaintiffs also noted their need for jurisdictional discovery in the Motion to Partially Lift the PSLRA Discovery Stay.  *See* ECF 49-1 at 9-10.

>any of its affiliates (including Ernst & Young LLP), and documents produced to or reports received from [EY Germany], KPMG, or any other auditor in connection with their audits of Wirecard[.]

ECF 49-1 at 11 (document Topic No. 4); *see also id.* at 11-12 (document Topic Nos. 6-7, 9, which relate to the discovery request in the Opp. for documents on Wirecard North America's connection to the fraud).

As the Memorandum's discussion made clear, Plaintiffs' request for jurisdictional discovery meets this Circuit's standards for granting such requests. In *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561 (3d Cir. 2017) (cited at Opp. at 35), the court reiterated the controlling standard for reviewing a request for jurisdictional discovery is "'[i]f the plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state,"' the plaintiff's right to conduct jurisdictional discovery should be sustained.'" *Malik*, 710 F. App'x at 565 (second alteration in original). For example, the Memorandum acknowledged Plaintiffs' allegations, based on EY Germany's own declaration, that EY Germany instructed Ernst & Young US LLP "to conduct audit work for Wirecard Group reporting purposes on the reporting packages of Wirecard North America Inc. in the United States." Mem. at 4; *see also id.* at 18. These allegations and EY Germany's admissions "suggested with reasonable particularity the possible existence of the requisite contacts between [EY Germany] and the forum state to warrant jurisdictional discovery." *Malik*, 710 F. App'x at 565. As the Third Circuit recognized in *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003), "courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Id.* at 456. The right to jurisdictional discovery has

repeatedly been sustained in cases like this one before dismissal for lack of personal jurisdiction. *See id.* at 456-57 ("adopting a deferential approach to [the plaintiff's] request for discovery").[4]

As the Memorandum also made clear, one of the reasons the Court granted EY Germany's MTD was its determination that "EY Germany, a German entity separate from other EY firms and EY Global, was not involved in the direct auditing of Wirecard North America." Mem. at 18. That conclusion directly related to one of the two topics – "[EY Germany's] relationship with Wirecard North America" – on which Plaintiffs specifically requested jurisdictional discovery in the Opp. Opp. at 35. Thus, the jurisdictional discovery that Plaintiffs requested and the Court did not grant is "of at least some importance to the larger proceedings," supporting a finding of manifest injustice should reconsideration not be granted. *Energy Future*, 904 F.3d at 312; *see also Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 781-82 n.20 (3d Cir. 2018) (including among the factors that a court considers when granting jurisdictional discovery "the importance of the issue[] at stake . . . ," as well as "the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue[], and whether the burden or expense of the proposed discovery outweighs its likely benefit" (alterations in original)).

Without jurisdictional discovery, it is highly unlikely that Plaintiffs and the putative class will obtain any relief as victims of a worldwide, years-long scheme that has been described as the largest fraud in German postwar history – substantive allegations that have not been challenged in this case. *See* Opp. at 34. EY Germany is the only Defendant that has responded to the allegations

---

[4] In *Toys*, the Circuit reversed the denial of jurisdictional discovery when "[o]ther aspects of the record should have also alerted the District Court to the possible existence of the 'something else' needed to exercise personal jurisdiction," including, as here, admissions by the defendant. 318 F.3d at 457. The subjects of the jurisdictional discovery sought in *Toys* are the same as Plaintiffs sought here: the defendant's "relationships" with U.S. entities, as well as how the U.S. activities related to the alleged misconduct. *Id.* at 457-58.

asserted in this action. Defendant Wirecard is insolvent. ECF 60. Defendant Markus Braun is in default (ECF 86 (September 8, 2022 docket entries)) and on trial and in custody in Germany.[5] And, for the reasons explained in the Opp., Defendants have not demonstrated that purchasers of American Depository Receipts ("ADRs") could obtain relief under German law or that their claims would be cognizable in German courts against an auditor like EY Germany. *See* Opp. at 17.

Plaintiffs are not making new discovery requests nor new arguments not previously presented to the Court, which would be inappropriate on a motion for reconsideration. *See United States ex rel. Gohil v. Sanofi U.S. Servs. Inc.*, 2020 WL 1888966, at *5 (E.D. Pa. Apr. 16, 2020). Nor are Plaintiffs arguing that "a court should rethink a decision it has already made." *Armstrong v. Reisman*, 2000 WL 288243, at *2 (E.D. Pa. Mar. 7, 2000); *see also Kennedy Indus., Inc. v. Aparo*, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006). Rather, "[i]n order to show . . . manifest injustice," Plaintiffs base their "motion on arguments that were previously raised but were overlooked by the Court." *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003).

For the reasons explained above, jurisdictional discovery from EY Germany is necessary to prevent manifest injustice in this case. The Motion should be granted.

**B.    Alternatively, Plaintiffs Respectfully Request that the Court Enter Partial Summary Judgment Pursuant to Fed. R. Civ. P. 54(b)**

To the extent the Court is not inclined to reconsider the Order's dismissal rulings, Plaintiffs respectfully request entry of judgment as to EY Germany. Where, as here, multiple parties are involved or more than one claim for relief is presented, Rule 54(b) permits a district court to enter a final judgment as to less than all parties or claims. *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) (Rule 54(b) "provide[s] a practical means of permitting an appeal to be taken

---

[5]   https://www.reuters.com/business/finance/former-wirecard-boss-goes-trial-fraud-scandal-that-rocked-germany-2022-12-08/.

4865-0646-6117.v1

from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on *all* the claims in the case"). "A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, *i.e.*, an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Berckeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006).

While the decision to grant Rule 54(b) certification is "left to the sound judicial discretion of the district court," *Curtiss-Wright v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980), as a matter of practice, "[c]ourts have routinely entered judgment under Rule 54(b) in multi-defendant cases where some but not all defendants are dismissed for want of personal jurisdiction." *Bush v. Adams*, 629 F. Supp. 2d 468, 472 (E.D. Pa. 2009); *see CBD & Sons, Ltd. v. Setteducati*, 2020 WL 1527955, at *7 (D.N.J. Mar. 31, 2020) ("The Court is persuaded that dismissal on personal-jurisdictional grounds is an exception to the Third Circuit's instruction that district courts are to be 'conservative' in invoking Rule 54(b)").

### 1. If the Court Denies Plaintiffs' Motion for Reconsideration, There Will Be a Final Judgment as to EY Germany

The first part of the Rule 54(b) inquiry requires that the claim certified for immediate appeal "must 'be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright*, 446 U.S. at 7 (quoting *Sears*, 351 U.S. at 436). "An order dismissing a defendant for lack of personal jurisdiction is a final judgment for purposes of Rule 54(b) because it is an ultimate disposition of the claims against the dismissed defendant in the court issuing the order." *Bush*, 629 F. Supp. 2d at 472; *see also Carter v. City of Phila.*, 181 F.3d 339, 346 (3d Cir. 1999) ("[T]he decision below was a 'final judgment' in the sense that it was an 'ultimate disposition' of [plaintiff]'s claims against [one of multiple defendants]."). Accordingly, in the event that the Court does not provide Plaintiffs with the

opportunity to take jurisdictional discovery and grant Plaintiffs' request for leave to amend, the litigation against EY Germany will constitute a final judgment.

### 2.     There Is No Just Reason for Delay

The second part of the Rule 54(b) inquiry, which requires that there be no "'just reason for delay,'" *Curtiss-Wright*, 446 U.S. at 8, of Plaintiffs' appeal of individual final judgments, "focus[es] on the issue of whether granting the motion would result in the Court of Appeals having to decide the same issue twice." *Roxane Labs., Inc. v. Camber Pharm., Inc.*, 2015 WL 12838314, at *2 (D.N.J. Sept. 9, 2015). The Third Circuit considers the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley*, 455 F.3d at 203 (quoting *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)). Here, the factors weigh in favor of entering judgment as to EY Germany.

The first factor weighs in favor of entering judgment because EY Germany is "no longer [a] part[y] to this litigation, [and hence] no claims exist as to [EY Germany]." *CBD & Sons*, 2020 WL 1527955, at *8; *Rodriguez v. City of Phila.*, 2018 WL 3036283, at *13 (E.D. Pa. June 18, 2018) (same). Moreover, the personal jurisdiction issues as to EY Germany are entirely distinct from the underlying securities claims against Wirecard. *See Commissariat a L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 293 F. Supp. 2d 430, 435 (D. Del. 2003) ("the issue of personal jurisdiction that is presented is 'plainly separable' from CEA's remaining claims of patent infringement against the other defendants"). Accordingly, there is little relationship between the adjudicated and unadjudicated claims.

The second prong also weighs in favor of entering judgment because "there is little possibility that the need for review of the [December 8, 2022] Order might be mooted by future developments in this Court were the litigation to continue without [EY Germany]". *CBD & Sons*, 2020 WL 1527955, at *8.  Aside from Individual Defendant Markus Braun, against whom entry of default was entered on September 8, 2022, the only remaining Defendant in the action, besides EY Germany, is the insolvent Company, Wirecard.  The Order only pertains to EY Germany's contacts with the United States and does not implicate Defendant Wirecard – which is subject to its own individual jurisdictional requirements.  *See English v. City of Wilkes-Barre*, 2022 WL 3084299, at *3 (M.D. Pa. Aug. 3, 2022) (second factor weighing in favor of certification because appeal "will not be about any of the underlying factual and legal issues surrounding the underlying suit that will be ongoing at the time of the appeal").  And because the Court dismissed the claims against EY Germany, "there is neither a present nor a future need for review with regard to claims against" EY Germany.  *Rodriguez*, 2018 WL 3036283, at *13.

The third factor "also weighs in favor of Rule 54 certification because the [December 8, 2022] Opinion did not address the merits of [plaintiffs'] claims against" EY Germany.  *CBD & Sons*, 2020 WL 1527955, at *8.  The Court only determined the threshold question of personal jurisdiction.  "In the event of a Third Circuit decision on that issue, consideration of personal jurisdiction issues would be fully resolved and thus would not reappear in this Court."  *Id.*; *see also Rodriguez*, 2018 WL 3036283, at *13.  There is no risk that this Court will be required to address whether EY Germany purposefully availed itself of this forum for a second time.

The fourth factor weighs in favor of certification "because there is no issue about possible setoffs against any future judgment because the claims were dismissed" as to EY Germany.  *CBD*, 2020 WL 1527955, at *8; *see also Rodriguez*, 2018 WL 3036283, at *13.

Though the miscellaneous factors identified under prong five "are not ones that would have any impact on the entry of a final judgment," they nonetheless weigh in favor of certification. *Rodriguez*, 2018 WL 3036283, at *13.  There is no concern for delay of the remaining claims because the case against Defendant Wirecard, has been stayed.  The Court marked the action closed pending Wirecard's insolvency proceedings in Germany, noting that the Order "shall not prejudice the rights of the parties to this litigation."  ECF 61.  The Court recently ordered that the parties provide a status update with regard to the Wirecard bankruptcy proceedings by June 15, 2023 – nearly six months from now.  ECF 89.  EY Germany is solvent, and there is no indication that its solvency is threatened.  Entering judgment would not affect the length of any trial, as the claims against Wirecard are currently stayed and therefore Wirecard has not filed a motion to dismiss and no discovery has taken place.  The claims are in no way frivolous, as Wirecard has admitted to having fabricated almost 2 billion euros in cash, and EY Germany has conceded that it audited the allegedly false financial statements, which reported the admittedly fabricated cash, every year during the alleged Class Period.  The only expenses that may arise as a result of the entry of judgment would be related to any appeal that Plaintiffs pursue – expenses that are neither undue nor different from those that would arise should entry of judgment occur at a later date.  In fact, it would be more efficient to require that such costs be expended now because, "should the plaintiffs wait until the underlying litigation is complete to appeal and if the Third Circuit overrules this Court, then the lengthy litigation process against [EY Germany] will begin anew." *English*, 2022 WL 3084299, at *4.

Accordingly, in the event that the Court denies Plaintiffs' request for jurisdictional discovery and leave to amend the complaint, there will be a final disposition as to all claims against EY Germany, and because there is no just reason for delay, Plaintiffs respectfully request the Court enter judgment as to EY Germany pursuant to Rule 54(b).

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider its Order granting EY Germany's MTD, or, in the alternative, enter judgment on Plaintiffs' claims against EY Germany pursuant to Rule 54(b).

DATED: December 22, 2022

SAXTON & STUMP
LAWRENCE F. STENGEL (P.A. Bar # 32809)


                    s/ Lawrence F. Stengel
LAWRENCE F. STENGEL

280 Granite Run Drive, Suite 300
Lancaster, PA  17601
Telephone:  717/556-1000
717/441-3810 (fax)
lfs@saxtonstump.com

*Local Counsel for Lead Plaintiffs*

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  212/584-0700
212/584-0799 (fax)
cseeger@seegerweiss.com

*Additional Counsel for Plaintiff*

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
HADIYA K. DESHMUKH
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
hdeshmukh@rgrdlaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
REED R. KATHREIN
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: 510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVEN W. BERMAN
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: 206/623-7292
206/623-0594 (fax)
steve@hbsslaw.com

*Lead Counsel for Lead Plaintiffs Thanh Sam and Lawrence Gallagher*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
PERETZ BRONSTEIN
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: 212/697-6484
212/697-7296 (fax)
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Thanh Sam*

- 11 -

- 12 -

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify under penalty of perjury that on December 22, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                                                                  s/ Lawrence F. Stengel
                                                                                  LAWRENCE F. STENGEL

                                                                                  SAXTON & STUMP
                                                                                  280 Granite Run Drive, Suite 300
                                                                                  Lancaster, PA  17601
                                                                                  Telephone:  717/556-1000
                                                                                  717/441-3810 (fax)
                                                                                  E-mail:  lfs@saxtonstump.com

4865-0646-6117.v1

# Mailing Information for a Case 2:20-cv-03326-AB IN RE: WIRECARD AG SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lee Albert**
  lalbert@glancylaw.com,lee-albert-5832@ecf.pacerpro.com,info@glancylaw.com

- **PERETZ BRONSTEIN**
  peretz@bgandg.com

- **Vincent A. Coppola**
  vcoppola@pribanic.com,gregory@pribanic.com

- **HADIYA K. DESHMUKH**
  hdeshmukh@rgrdlaw.com,hdeshmukh@ecf.courtdrive.com

- **JOHN H. GEORGE**
  jgeorge@rgrdlaw.com,jgeorge@ecf.courtdrive.com,smorris@ecf.courtdrive.com

- **JACOB A. GOLDBERG**
  jgoldberg@rosenlegal.com,etexidor@rosenlegal.com

- **REED KATHREIN**
  reed@hbsslaw.com,sf_filings@hbsslaw.com

- **JEFFREY L. KODROFF**
  jkodroff@srkattorneys.com

- **WILLIAM S. NORTON**
  bnorton@motleyrice.com,mhickey@motleyrice.com

- **MICHAEL J. QUIRK**
  mquirk@motleyrice.com,hfonseca@motleyrice.com,lmandara@motleyrice.com

- **LAURENCE MATTHEW ROSEN**
  LRosen@Rosenlegal.com

- **CHRISTOPHER A. SEEGER**
  cseeger@seegerweiss.com,styjer@seegerweiss.com,seegerweiss@myecfx.com,rbarreca@seegerweiss.com,sabrina-tyjer-1389@ecf.pacerpro.com,msheridan@seegerweiss.com,DKekatos@seegerweiss.com,dsparks@seegerweiss.com,abadaruzzaman@seegerweiss.com,dion--kekatos-1017@ecf.pacerpro.com

- **LAWRENCE F. STENGEL**
  lfs@saxtonstump.com,cag@saxtonstump.com,jss@saxtonstump.com

- **DAVID A. STRAITE**
  dstraite@kaplanfox.com

- **Danielle Smith**
  danielles@hbsslaw.com,sf_filings@hbsslaw.com

- **SHAWN A. WILLIAMS**
  shawnw@rgrdlaw.com,smorris@rgrdlaw.com,e_file_sd@rgrdlaw.com,jgelman@rgrdlaw.com,shawnw@ecf.courtdrive.com,JGelman@ecf.courtdrive.com

- **WESLEY A. WONG**
  wesleyw@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Lucas            E Gilmore
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue    Suite 202
Berkeley, CA 94710
```