IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re WIRECARD AG SECURITIES LITIGATION | Civ. Action No. 2:20-cv-03326-AB |
| This Document Relates to: | CLASS ACTION |
| ALL ACTIONS | |

**DEFENDANT ERNST & YOUNG GMBH
WIRTSCHAFTSPRÜFUNGSGESELLSCHAFT'S OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION OR ENTRY OF JUDGMENT**

Defendant Ernst & Young GmbH Wirtschaftsprüfungsgesellschaft ("EY Germany") opposes Plaintiffs' Motion for Reconsideration of the Court's order dismissing the claims against EY Germany for lack of personal jurisdiction. Plaintiffs have not come close to meeting the high standard for reconsideration, nor shown that they are entitled to jurisdictional discovery. EY Germany takes no position on Plaintiffs' alternative request for entry of judgment.

**I.   PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE DENIED.**

**A.   The Standard for Reconsideration Is Very High.**

A motion for reconsideration is not a vehicle for a litigant to press arguments that it previously raised or could have raised. *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 191 (3d Cir. 2021); *Parker v. Learn the Skills Corp.*, 2006 WL 2228867, at *2–3 (E.D. Pa. Aug. 2, 2006). Rather, "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *United States ex rel. Schumann v.*

*Astrazeneca Pharms. L.P.*, 769 F.3d 837, 848 (3d Cir. 2014).[1]  Accordingly, such a motion should be granted only "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* at 848–49.  Plaintiffs do not contend that there has been an intervening change in controlling law or that new evidence has become available, resting wholly on the "manifest injustice" prong.  Pls.' Mem. in Supp. of Mot. for Reconsideration ("Pls.' Mem.") 2, ECF No. 90-1.

The Third Circuit has explained that there is "substantial, if not complete, overlap" between the concepts of "clear error of law or fact" and "manifest injustice."  *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018).  Under either formulation, "the focus is on the gravity and overtness of the error."  *Id.* at 312.  To be entitled to reconsideration, Plaintiffs must demonstrate that the Court's opinion contained "wholesale disregard, misapplication or failure to recognize controlling precedent"; "an error that is plain and indisputable"; or "direct, obvious, or observable error."  *Id.*; *see also United States ex rel. Gohil v. Sanofi U.S. Servs. Inc.*, 2020 WL 1888966, at *5 (E.D. Pa. Apr. 16, 2020) (Brody, J.) (denying reconsideration where movant did not "identify any clear error of law").  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Colonial Assurance Co. v. Mercantile & Gen. Reassurance Co.*, 2004 WL 414078, at *1 (E.D. Pa. Mar. 1, 2004) (Brody, J.).

---

[1] Unless otherwise indicated, when language quoted from a decision contains material quoted from another source, all brackets, ellipses, footnote call numbers, internal quotation marks, and citations have been omitted for readability.

**B.     Plaintiffs Are Not Entitled To Reconsideration or Jurisdictional Discovery.**

**1.     The Court's Order Was Not a Manifest Injustice.**

Plaintiffs fall far short of showing that the Court's dismissal order constituted manifest injustice. The Court did not commit any clear error in ruling on EY Germany's motion to dismiss without allowing jurisdictional discovery because Plaintiffs made no legally adequate request for discovery at any time prior to the Court's ruling. Jurisdictional discovery is appropriate only "when the plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state." *Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 259 (3d Cir. 2022). Plaintiffs did not even attempt to meet this standard in opposing EY Germany's motion to dismiss.

On the contrary, Plaintiffs included only a perfunctory, contingent request for discovery in the final sentence of their 35-page opposition to EY Germany's motion.[2] The request did not identify any relevant evidence that could be discovered, and it was phrased entirely conditionally. *See* Pls.' Opp. 35 ("In the event the Court does not find it may exercise jurisdiction over EY. . . ."). Such conditional requests do not meet Third Circuit standards for requesting jurisdictional discovery. *See Radio Music License Comm. Inc. v. Glob. Music Rts. LLC*, 2019 WL 1437981, at *26–27 (E.D. Pa. Mar. 29, 2019) (rejecting similar conditional request for discovery "[t]o the extent the Court has any doubt about whether personal jurisdiction or venue are proper").

---

[2] Pls.' Opp. to Mot. to Dismiss ("Pls.' Opp.") 35, ECF No. 76. Plaintiffs point to the fact that their Opposition also included a final footnote referring to their earlier motion to partially lift the PSLRA discovery stay (ECF No. 49), but that motion was solely directed at discovery from Wirecard North America, not from EY Germany. That Plaintiffs' Opposition to the motion to dismiss included this footnote, adverting to a years-earlier filing concerning discovery from a third party, certainly did not meet the Third Circuit standard for establishing with particularity that jurisdictional discovery was necessary for the Court to decide EY Germany's later-filed motion to dismiss.

"[C]onditional requests for jurisdictional discovery amount to no more than vague assertions based upon mere speculation regarding alleged jurisdictional contacts" and therefore are invalid. *Id.* at \*27. They are improper "last-ditch effort[s] to snatch victory from the jaws of defeat." *Motus, LLC v. CarData Consultants, Inc.*, 23 F.4th 115, 121, 127 (1st Cir. 2022) (rejecting similar request presented "in a single sentence and accompanying footnote . . . ask[ing] the court—if it was disposed to grant the motion to dismiss for want of in personam jurisdiction—to allow it to conduct jurisdictional discovery").

Nor did Plaintiffs do anything else to show a need for jurisdictional discovery before the Court ruled. They submitted no factual declaration to oppose the declaration submitted by EY Germany with its opening brief. They made no mention of a need for jurisdictional discovery at the oral argument on the motion, which focused solely and entirely on EY Germany's personal jurisdiction argument, and during which the Court permitted Plaintiffs' counsel every opportunity to raise every pertinent issue.[3] And after the argument and before the Court's ruling, Plaintiffs submitted nothing to the Court suggesting that discovery was necessary, although they had ample opportunity to do so.

It is manifestly unfair to accuse the Court of committing a manifest injustice by "overlook[ing]" their request for discovery, Pls.' Mem. 5, when Plaintiffs themselves did nothing to establish any need for discovery. Plaintiffs made a strategic choice to gamble on the success of their opposition without pressing for discovery, and they must live with the consequences. They therefore fail to meet the standard for reconsideration. *See, e.g.*, *Club St. Croix Homeowners Ass'n, Inc. v. Shell Oil Co.*, 2008 WL 501254, at \*3 (D.V.I. Feb. 9, 2008) (denying reconsideration based on contingent request for jurisdictional discovery included in the last sentence of plaintiff's 21-

---

[3] *See* Tr., ECF No. 91.

page opposition to motion to dismiss and where plaintiff did not make "any effort" during pendency of motion "to convince the Court of the need for jurisdictional discovery").

### 2. Even Considering Their Belated Argument, Plaintiffs Are Not Entitled To Jurisdictional Discovery.

Even if the Court were inclined to consider the belated argument Plaintiffs now offer in support of jurisdictional discovery, they miss the mark. Plaintiffs do not identify any way in which discovery could lead to evidence that would alter the Court's decision that EY Germany did not purposefully direct its conduct to the United States. *See, e.g.*, *Taggart v. Wells Fargo Bank, N.A.*, 2017 WL 3217396, at *1 (E.D. Pa. July 28, 2017) (reconsideration motion should not "advance arguments that would not change the result of the court's initial ruling").

Now that their complaint has been dismissed, Plaintiffs suggest that they would like to investigate "EY Germany's relationship with . . . Wirecard North America, as well as Wirecard North America's connection to the alleged fraud." Pls.' Mem. 2. This merely repeats the perfunctory request on the last page of Plaintiffs' Opposition to the motion to dismiss, and is nothing more than speculation—with no supporting facts whatsoever—as to "the possible existence of the requisite contacts." Pls.' Mem. 3 (quoting *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 565 (3d Cir. 2017).[4] Plaintiffs' musing as to a theoretical possibility of the existence

---

[4] *Malik*—the sole case Plaintiffs cited in support of their conditional request for discovery at the end of their Opposition—did not hold that the "possible existence" of evidence justifies discovery. Pls.' Opp. 35; Pls.' Mem. 3. In that case, the plaintiff asserted in opposing a motion to dismiss that the motion "raises significant issues that may only be resolved by taking discovery," including as to the defendant's "control and supervision of the work site where Plaintiff was injured, its level of interaction with [a co-defendant] at the work site, [and] its level of interaction with [the co-defendant] with respect to Plaintiff's employment and the qualifications of those working on the site." *See* ECF No. 12, Case No. 2:15-cv-07078-MCA-MAH (D.N.J. filed Nov. 2, 2015). The Third Circuit nonetheless affirmed the district court's denial of discovery, holding that the plaintiff "did not present **factual allegations** that suggested with **reasonable particularity** the possible existence of the requisite contacts between appellees and the forum state to warrant jurisdictional discovery." *Malik*, 710 F. App'x at 565 (emphasis added). The same is true here.

of evidence is not a "present[ation of] factual allegations that suggest with reasonable particularity the possible existence" of the required contacts between EY Germany and the United States. *Aldossari*, 49 F.4th at 259. Plaintiffs' request "amount[s] to no more than vague assertions based on mere speculation regarding alleged jurisdictional contacts." *Radio Music*, 2019 WL 1437981, at *27.

In any event, as to the first desired topic, information concerning "EY Germany's relationship with Wirecard North America" is already in the record.[5] EY Germany acknowledged that it "instructed EY US through Interoffice Instructions to conduct audit work for Wirecard Group reporting purposes on the reporting packages of Wirecard North America Inc. in the United States," Streyl Decl. ¶ 12, and the Court (correctly) ruled that that conduct did not amount to purposeful availment. *See* Mem. 18, ECF No. 87.

And as to the second topic, "Wirecard North America's connection to the alleged fraud," even if that entity were involved in the fraud—which is not alleged—there would still be no evidence to suggest that EY Germany purposefully directed *its* conduct at the United States. *See Kearney v. Bayerische Motoren Werke AG*, 2021 WL 8443765, at *2 (D.N.J. Nov. 26, 2021) (denying reconsideration where plaintiffs failed to show with reasonable particularity that jurisdictional discovery would have revealed relevant contacts). Moreover, Plaintiffs have alleged nothing to suggest there was any connection between Wirecard North America and the fraud. The documents cited in their own Complaint say otherwise: Wirecard North America was "not directly affected by its accounting scandal."[6] As EY Germany explained in its briefing on the motion to dismiss:

---

[5] *See* Declaration of Annedore Streyl ("Streyl Decl.") ¶ 12, ECF No. 64-3.

[6] Olaf Storbeck, *Wirecard's Core Business Has Been Lossmaking for Years, Audit Shows*, Fin. Times (July 5, 2020), https://www.ft.com/content/f697a093-4e1b-4ef4-9b16-

> The components of the fraudulent scheme that Plaintiffs allege—valuation of subsidiaries in Asia, CCAC ¶¶ 93-96; acquisitions of businesses in India, *id.* ¶¶ 105-14; suspicious transactions in Singapore, Hong Kong, and India, *id.* ¶¶ 117-47; inflation of revenues from third-party partners in Dubai, the Philippines, and Singapore, *id.* ¶¶ 159-83; and €1.9 billion missing from banks in the Philippines, *id.* ¶¶ 229-37—have no connection to the United States.

Reply Mem. in Supp. of Mot. to Dismiss ("MTD Reply Br.") 12, ECF No. 77. *See also* EY Germany's Mem. in Supp. of Mot. to Dismiss ("MTD Br.") 11–18, ECF No. 64. Plaintiffs have done nothing to suggest with "reasonable particularity," *Aldossari*, 49 F.4th at 259, that discovery could establish that EY Germany's contacts with Wirecard North America have the "strong connection" with the claims that is required to support specific jurisdiction, *see Hepp v. Facebook*, 14 F.4th 204, 208 (3d Cir. 2021). And in their bid for reconsideration, they offer nothing more than belated speculation to controvert the facts on which the Court relied in its decision, which is insufficient. *See Parker*, 2006 WL 2228867, at *3 (denying reconsideration where request for jurisdictional discovery was a "fishing expedition").[7]

Plaintiffs' assertion that it is "highly unlikely," Pls.' Mem. 4, they can recover without jurisdictional discovery is a *non sequitur*. Personal jurisdiction over the defendant is a threshold inquiry that necessarily precedes any consideration of the merits. Plaintiffs have made no showing that jurisdictional discovery could alter the Court's decision on jurisdiction, much less that they are entitled to recover. Moreover, as EY Germany has established through unrebutted expert

---

820198e4a67f; *see also* Consol. Class Action Compl. ¶ 278, ECF No. 53.

[7] Plaintiffs' reliance on *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446 (3d Cir. 2003), is misplaced. In that case, the plaintiff submitted evidence in opposition to the defendant's motion to dismiss, which showed the possibility of more extensive contacts with the forum and caused the defendant's principal to submit a second affidavit that contradicted his first affidavit. *See id.* at 456–57. Moreover, plaintiff's counsel in that case argued for jurisdictional discovery during the oral argument on defendant's motion to dismiss. *Id.* at 457. Those facts are far different than the facts presented here.

declarations, Plaintiffs can seek to participate in the German litigation, which is ongoing and is the proper venue for such claims.  *See* MTD Br. 19–21; MTD Reply Br. 15–16.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Reconsideration should be denied.  EY Germany takes no position on Plaintiffs' alternative request for entry of judgment.

Dated: January 5, 2023

Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

 /s/ Craig D. Singer
Craig D. Singer (PA State Bar No. 71394)
Steven M. Farina (admitted *pro hac vice*)
George A. Borden (admitted *pro hac vice*)
Amanda M. MacDonald (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024
(202) 434-5000
csinger@wc.com
sfarina@wc.com
gborden@wc.com
amacdonald@wc.com

*Attorneys for Defendant Ernst & Young GmbH Wirtschaftsprüfungsgesellschaft*

## CERTIFICATE OF SERVICE

I, Craig D. Singer, hereby certify that on this 5th day of January, 2023, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. The foregoing is available for viewing and downloading from the CM/ECF system, which will also send email notification of such filing to all attorneys of record in this action.

        /s/   Craig D. Singer