UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re WIRECARD AG SECURITIES LITIGATION | ) ) ) | Civ. Action No. 2:20-cv-03326-AB |
| | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | REPLY IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR |
| ALL ACTIONS. | ) ) ) | RECONSIDERATION OF ORDER #88 (GRANTING MOTION TO DISMISS FOR |
| | ) | LACK OF PERSONAL JURISDICTION) OR, IN THE ALTERNATIVE, FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b) |

## I.    INTRODUCTION

Plaintiffs' Motion[1] demonstrates that the Court's reconsideration of Plaintiffs' request for jurisdictional discovery is necessary to prevent a manifest injustice and that Plaintiffs are entitled to jurisdictional discovery.   Defendants' Opposition[2] misconstrues Plaintiffs' arguments, mischaracterizes the prior proceedings, and misinterprets the law governing the Court's analysis of Plaintiffs' Motion as well as their request for jurisdictional discovery from EY Germany.   The Opposition does nothing to undermine the merits of either Plaintiffs' Motion or request for jurisdictional discovery.[3]   Thus, for the reasons set forth in the Motion and this Reply, Plaintiffs' Motion should be granted.

## II.    ARGUMENT

### A.    Reconsideration of Plaintiffs' Request for Jurisdictional Discovery Is Necessary to Prevent a Manifest Injustice

The Motion demonstrates that narrow reconsideration of the Court's Order (ECFs 87-88) is necessary to address Plaintiffs' request for jurisdictional discovery in the first instance and to prevent a manifest injustice.   EY Germany's Opposition, on the other hand, is internally inconsistent and makes numerous errors as to the applicable law and facts of this case.

---

[1]    Lead Plaintiffs' Motion for Reconsideration of Order #88 (Granting Motion to Dismiss for Lack of Personal Jurisdiction) or, in the Alternative, for Entry of Judgment Pursuant to Fed. R. Civ. P. 54(b) (ECF 90) ("Motion" or Mot."").  All terms not defined herein have the same meaning as defined in the Motion.

[2]    Defendant Ernst & Young GmbH Wirtschaftsprüfungsgesellschaft's Opposition to Plaintiffs' Motion for Reconsideration or Entry of Judgment (ECF 93) ("Opposition" or "Opp.").

[3]    EY Germany does not oppose Plaintiffs' request in the alternative for Federal Rule of Civil Procedure 54(b) judgment on their claims against EY Germany.  Opp. at 1, 8.  Accordingly, if the Court does not find reconsideration or jurisdictional discovery is appropriate, Plaintiffs request entry of judgment under Rule 54(b) on the claims against EY Germany and a finding that there is no just reason for delay, for the reasons explained in the Motion.  *See* Mot. at 5-9.

As an initial matter, EY Germany's suggestion that Plaintiffs did not sufficiently request jurisdictional discovery in opposing the motion to dismiss distorts the prior proceedings. In opposing the motion to dismiss, Plaintiffs requested that the Court permit jurisdictional discovery. *See* Mot. at 2. Plaintiffs provided examples of the type of discovery they would seek by referring to prior filings in the case. *Id.*[4] EY Germany does not, and cannot, dispute these facts. Additionally, EY Germany's position that Plaintiffs did not adequately request jurisdictional discovery in opposing the motion to dismiss contradicts EY Germany's own motion to dismiss reply (ECF 77), which disputed Plaintiffs' request for jurisdictional discovery on the merits and deployed the same incorrect substantive arguments advanced in the Opposition. *Compare* ECF 77 at 31 n.19, *with* Opp. at 5-7. That is, EY Germany recognized Plaintiffs' request for jurisdictional discovery in the motion to dismiss briefing and responded to it. *See In re: Imerys Talc Am., Inc.*, 38 F.4th 361, 372-73 (3d Cir. 2022) (recognizing importance of raising argument, for waiver purposes, in original briefing rather than at oral argument or in motion for reconsideration).[5]

The Opposition also gets the law wrong. EY Germany's suggestion that the manifest injustice prong of the reconsideration inquiry can only be met by showing a clear error of law or fact is not accurate. *See* Opp. at 2. Reconsideration is appropriate if there is "any new law, evidence, ***or argument that, because overlooked***, reveals a 'clear error of law' or potential for 'manifest injustice.'" *Pollock v. Energy Corp. of Am.*, 665 F. App'x 212, 218 (3d Cir. 2016). As EY Germany recognized in its motion to dismiss reply (ECF 77), Plaintiffs requested jurisdictional discovery in opposing the motion to dismiss. That request was not addressed in the Court's Order.

---

[4]    This discussion was only illustrative of the jurisdictional discovery sought. If Plaintiffs' request is granted, they will draft and serve limited discovery targeted solely to the issue of personal jurisdiction over EY Germany.

[5]    All citations and footnotes omitted and emphasis added unless otherwise indicated.

This "'direct, obvious, [or] observable error' . . . is of at least some importance to the larger proceedings," which were dismissed entirely on personal jurisdiction grounds as to EY Germany and will likely preclude Plaintiffs and the putative Class from obtaining any relief as victims of a multibillion dollar fraud. *In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018) (some alteration in original); *see* Mot. at 4-5.

EY Germany's citation to *Club St. Croix Homeowners Ass'n, Inc. v. Shell Oil Co.*, 2008 WL 501254 (D.V.I. Feb. 9, 2008) (Opp. at 4-5), is not to the contrary. In that case, the court held plaintiff's "generalized allegations" of defendant's contacts with the forum were not "sufficiently particular to make out a prima facie case that could justify jurisdictional discovery." *Club St. Croix*, 2008 WL 501254, at *2. Here, as explained in Plaintiffs' motion to dismiss opposition, at oral argument, and in the instant Motion, EY Germany itself provides specific evidence of purposeful contact with the United States. Motions for reconsideration based on similar unaddressed requests for jurisdictional discovery have been granted. *See Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, No. 2:09-cv-06480-ES-MAH, The Memorandum of Law of Plaintiff, Mark IV Transportation & Logistics, Inc. in Opposition to Defendants, Crosstown Courier and Scott Evatt's Renewed Motion to Dismiss, 11 (D.N.J. Feb 29. 2012); *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, No. 2:09-cv-06480-ES-MAH, Opinion (D.N.J. Sept. 28, 2012) (order dismissing for lack of personal jurisdiction); *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, No. 2:09-cv-06480-ES-MAH, Notice of Motion for Reconsideration Returnable on November 5, 2012 (D.N.J. Oct. 9. 2012) (motion for reconsideration); *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, No. 2:09-cv-06480-ES-MAH, Minutes of Proceedings (D.N.J. Oct. 2. 2013) (minute order granting motion for reconsideration); *see also Mark IV*, 2014 WL 7073088, at *10 (D.N.J. Dec. 15, 2014); *Duchesnau v. Cornell Univ.*, 2009 3152125, at *1 (E.D. Pa. Sept. 30, 2009) (discussing prior grant of reconsideration of motion to

dismiss/transfer and permitting jurisdictional discovery based on similar conditional request for discovery).  Plaintiffs' Motion regarding their unaddressed request for jurisdictional discovery falls squarely within the well-established requirements for that relief.

**B.      Plaintiffs' Right to Conduct Jurisdictional Discovery Should Be Sustained**

EY Germany's arguments on the merits of Plaintiffs' request for jurisdictional discovery are equally unavailing and similarly distort the law and record in this case.  Plaintiffs' claim that the Court has personal jurisdiction over EY Germany is not "'clearly frivolous'" and therefore the Court should "assist [Plaintiffs] by allowing jurisdictional discovery." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003); *see also Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 335-36 (3d Cir. 2009) (same); *Marchionda v. Embassy Suites, Inc.*, 122 F. Supp. 3d 208 (D.N.J. Aug. 12, 2015) (same).

The standard for determining whether a "plaintiff's right to conduct jurisdictional discovery should be sustained" is undisputed. *Toys*, 318 F.3d at 456.  As EY Germany recognized in responding to Plaintiffs' request in its motion to dismiss reply (ECF 77 at 31 n.19), as well as in the Opposition (Opp. at 3, 5-7 & n.4), jurisdictional discovery should be permitted "[i]f a plaintiff presents factual allegations that suggest 'with reasonable particularity,' the possible existence of the requisite "contacts between [the party] and the forum state." *Toys*, 318 F.3d at 456 (some alteration in original).  This standard has been met.  In fact, Plaintiffs have done *more* than what is required to obtain discovery.  That is because, rather than Plaintiffs relying on factual allegations, EY Germany has *admitted to specific voluntary contacts* with the forum – namely, that EY Germany "instructed EY US through Interoffice Instructions to conduct audit work for Wirecard Group reporting purposes on the reporting packages of Wirecard North America Inc. in the United States." Opp. at 6 (citing Streyl Decl., ¶12).  These "Interoffice Instructions" constitute "a deliberate targeting of the forum," *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d

Cir. 2007), that is necessary to establish purposeful availment and, *a fortiori*, "suggest 'with reasonable particularity,' the possible existence of the requisite 'contacts between [the party] and the forum state,'" *Toys*, 318 F.3d at 456 (some alteration in original).

The Court agreed with EY Germany that this admission and Plaintiffs' other allegations were not sufficient to establish personal jurisdiction, but that holding is not dispositive of whether jurisdictional discovery is appropriate because, to obtain discovery, Plaintiffs need only show  with reasonable particularity the possible existence of the showing that would be necessary to establish jurisdiction itself.  *Toys*, 318 F.3d at 454, 458 (agreeing that plaintiff had not established personal jurisdiction, but reversing denial of jurisdictional discovery).  EY Germany's position (Opp. at 6) improperly combines the personal jurisdiction and jurisdictional discovery inquiries, and its adoption would have the effect of denying every single request for jurisdictional discovery as either unnecessary, on the one hand, because jurisdiction has been established, or, on the other, insufficient, for failing to meet the personal jurisdiction standard.[6]  Jurisdictional discovery may reveal that EY Germany's communications with EY US concerning Wirecard North America were substantial and sufficiently constitute the purposeful availment required for the exercise of personal jurisdiction even though the Court has concluded that the current record does not support such a finding.

EY Germany's other arguments against the grant of jurisdictional discovery are equally unavailing.  The assertion that EY Germany's relationship to Wirecard North America is not an appropriate subject of jurisdictional discovery because there is already information about that topic

---

[6]   The Opposition also improperly equates Plaintiffs' request for jurisdictional discovery to the facts in *Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561 (3d Cir. 2017).  Opp. at 5 n.4.  In *Malik*, plaintiff's factual allegations related to Pennsylvania, even though he was attempting to establish personal jurisdiction in New Jersey.  *See Malik*, 710 F. App'x at 565.  Here, there is no dispute that Plaintiffs' allegations and EY Germany's admissions relate to the relevant forum – the United States.  *See* ECF 87 at 19.

in the record is inconsistent with the very availability of jurisdictional discovery, as explained above.  This argument also illustrates how EY Germany's view would prohibit inquiries relevant to a court's jurisdictional determination.  What EY Germany's "Interoffice Instructions" to EY US consisted of – *e.g.*, what they said, how often they corresponded, whether they were substantive or boilerplate, etc. – is not in the record, but would be produced in response to Plaintiffs' request for discovery regarding EY Germany's connection to Wirecard North America as EY Germany contends that EY US was the middleman between the two.  Discovery as to the level of involvement and coordination between EY Germany and EY US in conducting audits of Wirecard North America directly relates to the purposeful availment inquiry and could satisfy the Court's concern that "[*w*]*ithout more*, such allegations would subject foreign auditors to jurisdiction solely because of their role as a primary auditor of a company that has multinational subsidiaries that are audited by local auditors."  ECF 87 at 18; *see also Rickman v. BMW N. Am. LLC*, 538 F. Supp. 3d 429, 437 (D.N.J. May 11, 2021) ("corporate relationships 'may be relevant to the existence of *specific* jurisdiction'" (emphasis in original)).  Moreover, the Opposition's implication that the Streyl Declaration's discussion of "Interoffice Instructions" is a comprehensive account of the record in this case of EY Germany's relationship with Wirecard North America is incorrect.  As alleged in the Complaint (¶317), and submitted as an exhibit to Plaintiffs' opposition to the motion to dismiss, in 2017, *EY Germany*, *not EY US*, wrote in the audit letter accompanying Wirecard's 2017 Annual Report that "*we consider*" the acquisition of Wirecard North America "to be a key audit matter."  ECF 76, Ex. 1 at 290-91; *see also* ECF 91 at 6:2-6.  Discoverable materials, including internal communications, scopes of work, and invoices, would provide additional evidence regarding EY Germany's involvement in the auditing of Wirecard North America and purposeful contacts with the United States.

- 6 -

Additionally, EY Germany's suggestion that Wirecard North America's connection to the fraud is irrelevant to personal jurisdiction is itself nonsensical and internally inconsistent. *See* Opp. at 6. Because Plaintiffs claim personal jurisdiction is present here based on specific jurisdiction, they are required to show that their claims "'arise out of or relate to the defendant's contacts'" with the forum." *Ford Motor Co. v. Montana Eighth Judicial Dist. Ct.*, _U.S. _, 141 S. Ct. 1017, 1025 (2021). Thus, Wirecard North America's connection to the fraud, a contention that EY Germany vigorously disputes, is directly relevant to the jurisdictional inquiry in this case. *See* Opp. at 6-7.[7]

EY Germany appears to recognize the precariousness of implying that Wirecard North America's connection to the alleged fraud has no bearing on the jurisdictional inquiry by also arguing that Plaintiffs cannot show that Wirecard North America was strongly connected to the fraud, relying on the Third Circuit's decision interpreting *Ford*, *Hepp v. Facebook*, 14 F.4th 204, 208 (3d Cir. 2021). *See* Opp. at 7. This argument also fails. First, EY Germany ignores that the audit of Wirecard North America was an indispensable part of EY Germany's work for Wirecard – *i.e.*, the basis of Plaintiffs' claims against EY Germany. *See* ECF 76, Ex. 1 at 289 ("We have audited the consolidated financial statements of Wirecard AG, Aschheim, ***and its subsidiaries*** (the Group)."). Also disregarded are Plaintiffs' specific allegations that directly tie Wirecard North America to the alleged fraud, such as that Wirecard North America was used in connection with Wirecard's Asian subsidiaries that EY Germany admits were part of the alleged fraud; that the alleged fraud included misrepresentations about the state of Wirecard's U.S. business, *i.e.*,

---

[7]   EY Germany's citation to *Kearney v. Bayersiche Motoren Werke AG*, 2021 WL 8443765, at *1-*2 (D.N.J. Nov. 26, 2021), is inapposite because in that case "Plaintiffs [had] already received discovery" from the defendant's domestic affiliate and had had the opportunity to obtain relevant discovery from the foreign defendant, whereas Plaintiffs have requested, but not been granted permission, to take discovery in this case governed by the PSLRA's discovery stay. *Id.*

Wirecard North America; and that those misrepresentations about Wirecard's U.S. business helped perpetuate and conceal the rest of the alleged worldwide fraud.  *See* ECF 76 at 13; *see also* ECF 91 at 14.  Second, *Hepp* found there was not a "strong connection" between the alleged contacts and the plaintiff's claims because the contacts alleged related to advertising and merchandise sales, which did not relate to the plaintiff's misappropriation of likeness claim.  *Hepp*, 14 F.4th at 208. Here, however, the facts are more like *Ford*, because there is a strong connection between EY Germany's alleged contacts and Plaintiffs' liability case.  Plaintiffs allege that EY Germany violated the federal securities laws through the publication of its audit opinions as  Wirecard's auditor, and that it purposefully availed itself of the privileges of conducting business in the United States in that same capacity.  *Hepp* does not preclude a finding of personal jurisdiction in this case and does not preclude Plaintiffs from seeking jurisdictional discovery.

Other allegations in the record also strongly suggest the existence of the requisite contacts between EY Germany and the United States.  As the Court noted in the Order, "courts will undertake a fact-intensive analysis to determine whether a foreign auditor knew or did enough to meet the purposeful availment requirement."  ECF 87 at 15.  Specifically, the Court recognized that "foreign auditors who know that the company-in-chief's stock will be publicly traded in the United States and that . . . its audits will be used to that end may be subject to U.S. jurisdiction." *Id.*  In the Complaint and the opposition to the motion to dismiss, Plaintiffs allege that EY Germany knew Wirecard securities would be publicly traded in the United States and its audits would be used to that end because of the publication of quarterly and annual reports, including EY Germany's audits, that were translated into English as required by Wirecard's U.S. Securities and Exchange Commission ("SEC") Rule 12g3-2(b) registration exemption, which itself was specifically relied upon in Wirecard's 2019 Capital Markets Day presentation in New York. Complaint, ¶¶23, 37-38, 91; ECF 76 at 7-9; ECF 76, Ex. 2 at 7.  Jurisdictional discovery would

substantiate EY Germany's likely knowledge of the ADRs traded publicly in the United States, publication of the audit reports in English to meet SEC requirements, and targeting of the United States and ADR investors if Plaintiffs' request were granted.  To the extent that the parties are unable to resolve any discovery disputes on their own, including as to the scope of jurisdictional discovery, those issues could be brought to the Court for resolution.

## III.    CONCLUSION

For the reasons set forth in the Motion and this Reply, Plaintiffs' Motion should be granted. In the alternative, for the reasons set forth in the Motion and that are unopposed by EY Germany, Plaintiffs' request for entry of judgment on their claims against EY Germany pursuant to Rule 54(b), as well as an express finding that there is no just reason for delay in the entry of final judgment, should be granted.

DATED:  January 17, 2023                    Respectfully submitted,
                                            SAXTON & STUMP
                                            LAWRENCE F. STENGEL (P.A. Bar # 32809)


                                                s/ Lawrence F. Stengel
                                            LAWRENCE F. STENGEL

                                            280 Granite Run Drive, Suite 300
                                            Lancaster, PA  17601
                                            Telephone:  717/556-1000
                                            717/441-3810 (fax)
                                            lfs@saxtonstump.com

                                            *Local Counsel for Lead Plaintiffs*

                                            SEEGER WEISS LLP
                                            CHRISTOPHER A. SEEGER
                                            55 Challenger Road, 6th Floor
                                            Ridgefield Park, NJ  07660
                                            Telephone:  212/584-0700
                                            212/584-0799 (fax)
                                            cseeger@seegerweiss.com

                                            *Additional Counsel for Plaintiff*

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
HADIYA K. DESHMUKH
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
hdeshmukh@rgrdlaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
REED R. KATHREIN
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVEN W. BERMAN
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone:  206/623-7292
206/623-0594 (fax)
steve@hbsslaw.com

*Lead Counsel for Lead Plaintiffs Thanh Sam and Lawrence Gallagher*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
PERETZ BRONSTEIN
60 East 42nd Street, Suite 4600
New York, NY  10165
Telephone:  212/697-6484
212/697-7296 (fax)
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Thanh Sam*

- 10 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 17, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Lawrence F. Stengel
LAWRENCE F. STENGEL

SAXTON & STUMP
280 Granite Run Drive, Suite 300
Lancaster, PA  17601
Telephone:  717/556-1000
717/441-3810 (fax)
E-mail:  lfs@saxtonstump.com

4882-1500-1161.v1

Case 2:20-cv-03326-AB Document 94 Filed 01/17/23 Page 13 of 13

# Mailing Information for a Case 2:20-cv-03326-AB IN RE: WIRECARD AG SECURITIES LITIGATION

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lee Albert**
  lalbert@glancylaw.com,lee-albert-5832@ecf.pacerpro.com,info@glancylaw.com

- **PERETZ BRONSTEIN**
  peretz@bgandg.com

- **Vincent A. Coppola**
  vcoppola@pribanic.com,gregory@pribanic.com

- **HADIYA K. DESHMUKH**
  hdeshmukh@rgrdlaw.com,hdeshmukh@ecf.courtdrive.com

- **JOHN H. GEORGE**
  jgeorge@rgrdlaw.com,jgeorge@ecf.courtdrive.com,smorris@ecf.courtdrive.com

- **JACOB A. GOLDBERG**
  jgoldberg@rosenlegal.com,etexidor@rosenlegal.com

- **REED KATHREIN**
  reed@hbsslaw.com,sf_filings@hbsslaw.com

- **JEFFREY L. KODROFF**
  jkodroff@srkattorneys.com

- **WILLIAM S. NORTON**
  bnorton@motleyrice.com,mhickey@motleyrice.com

- **MICHAEL J. QUIRK**
  mquirk@motleyrice.com,mfonseca@motleyrice.com,lmandara@motleyrice.com

- **LAURENCE MATTHEW ROSEN**
  LRosen@Rosenlegal.com

- **CHRISTOPHER A. SEEGER**
  cseeger@seegerweiss.com,styjer@seegerweiss.com,seegerweiss@myecfx.com,rbarreca@seegerweiss.com,sabrina-tyjer-1389@ecf.pacerpro.com,msheridan@seegerweiss.com,DKekatos@seegerweiss.com,dsparks@seegerweiss.com,abadaruzzaman@seegerweiss.com,dion--kekatos-1017@ecf.pacerpro.com

- **LAWRENCE F. STENGEL**
  lfs@saxtonstump.com,cag@saxtonstump.com,jss@saxtonstump.com

- **DAVID A. STRAITE**
  dstraite@kaplanfox.com

- **Danielle Smith**
  danielles@hbsslaw.com,sf_filings@hbsslaw.com

- **SHAWN A. WILLIAMS**
  shawnw@rgrdlaw.com,smorris@rgrdlaw.com,e_file_sd@rgrdlaw.com,jgelman@rgrdlaw.com,shawnw@ecf.courtdrive.com,JGelman@ecf.courtdrive.com

- **WESLEY A. WONG**
  wesleyw@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Lucas                 E Gilmore
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue     Suite 202
Berkeley, CA 94710
```