# EXHIBIT 2

LAW OFFICES

## WILLIAMS & CONNOLLY LLP®

STEVEN M. FARINA
(202) 434-5526
sfarina@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

May 10, 2023

Via Email

Shawn A. Williams
Robbins Gellar Rudman & Dowd LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
shawnw@rgrdlaw.com

Re:    *In re: Wirecard AG Securities Litigation*, No. 2:20-cv-03326-AB (E.D. Pa.)

Dear Shawn:

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant Ernst & Young

GmbH Wirtschaftsprüfungsgesellschaft ("EY Germany"), by counsel, hereby submits its

responses and objections to Plaintiffs' Requests for Admissions set forth in your letter of April 7,

2023 ("Requests").

The specific responses set forth below are based upon, and necessarily limited by,

information presently known by and available to EY Germany upon reasonable inquiry.

## I.    General Objections and Objections to Definitions

The following general objections are incorporated into each of the specific responses and

objections that follow.

1.    EY Germany objects to the Requests insofar as they seek disclosure of information

subject to the attorney-client privilege, attorney work-product doctrine, joint defense privilege, or

WILLIAMS & CONNOLLY LLP®
May 10, 2023
Page 2

any other applicable privilege, rule, doctrine, or immunity, whether created by statute or common

law.  All Requests have been read to exclude discovery of such privileged information.

2.      EY Germany objects to the Requests insofar as they seek to impose obligations

beyond those imposed by law, the Federal Rules of Civil Procedure, any order entered in or

applicable to this action, or any other applicable law, regulation, or rule (collectively, "Applicable

Rules").  Subject to and without waiver of any of the objections, in responding to the Requests,

EY Germany will construe the Requests consistently with the Applicable Rules.

3.      These responses are made without waiving or intending to waive: (a) any objections

as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any

purpose, of admissions, denials, or information provided in response to the Requests; (b) the right

to object on any ground to the use of any admissions, denials, or information provided in response

to the Requests at any hearing or trial; and (c) the right, at any time, to revise, correct, supplement,

or clarify any of the responses contained herein for any reason, including but not limited to any

future discovery orders or rulings issued in this action.

4.      EY Germany objects to the Requests insofar as they seek disclosure of information

in violation of the General Data Protection Regulation ("GDPR") (EU) 2016/679.  EY Germany

reserves the right to withhold information that may constitute "personal data" subject to the GDPR.

5.      EY Germany objects to the Requests to the extent that they purport to require EY

Germany to conduct anything beyond a reasonable inquiry to obtain the requested information.

6.      EY Germany objects to the Requests insofar as they exceed the scope of

jurisdictional discovery authorized by the Court.  Plaintiffs requested only "jurisdictional

discovery on EY's relationship with Wirecard North America and Wirecard North America's

connection to the fraud."  Pls.' Opp'n to Mot. to Dismiss 35, ECF No. 76; *see also* Mem. In Supp.

WILLIAMS & CONNOLLY LLP®
May 10, 2023
Page 3

of Pls.' Mot. for Reconsideration 1, ECF No. 90-1 (seeking reconsideration of "the Court's denial

of Plaintiffs' request for jurisdictional discovery on EY Germany's relationship with Wirecard

North America, Inc. . . . and Wirecard North America's connection to the alleged fraud").  The

Court granted Plaintiffs' request "on the basis of 'factual allegations that suggest with reasonable

particularity the possible existence of the requisite contacts' following up on 'information known'

to Plaintiffs, namely the interaction between EY Germany and EY U.S. as stated in the Declaration

of Annedore Streyl (ECF No. 64-3)."  Order at 1 n.1, ECF No. 95.  EY Germany further objects

to the Requests insofar as they seek discovery to support theories that cannot provide a legally

sufficient basis for the exercise of personal jurisdiction.

7.    Except for matters explicitly admitted herein, no admission of any nature

whatsoever is to be implied by or inferred from any admission, denial, or statement contained

anywhere in these responses.  Whether EY Germany responds or objects to any Request, or any

part thereof, shall not be interpreted to mean that EY Germany admits the existence of any fact or

other matter set out or assumed by the request, or that EY Germany agrees that the Request is

proper.

8.    EY Germany's responses to the Requests are not intended to be, and shall not be

construed as, an agreement or concurrence by EY Germany with Plaintiffs' characterization of any

facts, circumstances, or legal obligations.  EY Germany reserves the right to contest any such

characterization.  EY Germany further objects to the Requests to the extent they contain express

or implied assumptions of fact or law with respect to matters at issue in the case.

9.    EY Germany objects to the Requests to admit what EY Germany "knew" to the

extent those requests could be read to require EY Germany to conduct more than a reasonable

WILLIAMS & CONNOLLY LLP®
May 10, 2023
Page 4

inquiry or to go beyond knowledge gained by principal persons working on the Wirecard

engagement as part of that work.

10.    EY Germany objects to use of the term "Wirecard securities" to refer to securities

that were not issued by Wirecard.  EY Germany further objects to the use of the term "Wirecard

securities" insofar as it could encompass Wirecard shares that were issued in Germany and traded

on a German exchange; given that Plaintiffs' allegations relate only to ADRs and F-Shares, EY

Germany will construe "Wirecard securities" to mean only ADRs and F-Shares.

11.    EY Germany objects to the definition of "EY Germany" or "you" insofar as it

encompasses "all present or former officers, directors, partners, employees, agents, attorneys,

advisors, accountants, consultants, and all other persons acting or purporting to act on its behalf."

## II.    Responses and Objections to Individual Requests

REQUEST FOR ADMISSION NO. 1: Admit that in connection with your work on Wirecard and
WNA, you made an in-person site visit to WNA, in Pennsylvania.

**RESPONSE:** EY Germany objects to this request to the extent it suggests that EY Germany
performed any work for WNA, which it did not.  Subject to this objection and those stated above:
Admitted.

REQUEST FOR ADMISSION NO. 2: Admit that Edo Kurniawan was among the people that
attended your December 2017 site visit to WNA.

**RESPONSE:** Subject to the objections stated above: Admitted.

REQUEST FOR ADMISSION NO. 3: Admit that, prior to April 25, 2019, you knew that Wirecard
ADRs or F-shares traded in the United States.

**RESPONSE:** EY Germany objects to this Request to the extent it would require inquiry into
knowledge beyond that gained by principal persons working on the Wirecard engagement as part
of that work, as EY Germany did not provide any services to Wirecard in connection with ADRs
or F-shares.  EY Germany further objects on the ground that mere knowledge that ADRs or F-
shares traded in the United States would be insufficient to establish personal jurisdiction over EY

WILLIAMS & CONNOLLY LLP®
May 10, 2023
Page 5

Germany. Subject to these objections and those stated above: Admitted that EY Germany knew of the existence of ADRs and F-shares traded in the United States after the commencement of this litigation but prior to April 25, 2019.

REQUEST FOR ADMISSION NO. 4: Admit that, prior to April 25, 2019, you knew that your audit opinions of Wirecard would be included in Wirecard's annual reports.

**RESPONSE:** EY Germany objects to this Request on the ground that mere knowledge that its audit opinions would be included in Wirecard's annual reports would be insufficient to establish personal jurisdiction over EY Germany. Subject to this objection and those stated above: Admitted.

REQUEST FOR ADMISSION NO. 5: Admit that, prior to April 25, 2019, you knew that your audit opinions of Wirecard's financial statements were translated into English and published on the Internet.

**RESPONSE:** EY Germany objects to this Request on the ground that mere knowledge that EYG's audit opinions were translated into English and published on the Internet would be insufficient to establish personal jurisdiction over EY Germany. Subject to this objection and those stated above: Admitted that EY Germany knew that Wirecard was a part of the Prime Standard market segment on the Frankfurt Stock Exchange during 2017 and 2018, and that Section 51 of the *Börsenordnung für die Frankfurter Wertpapierbörse* required Prime Standard companies to make their annual reports available to the public in German and English. The English versions of the annual reports included unsigned English translations of EY Germany's audit opinions.

REQUEST FOR ADMISSION NO. 6: Admit that, prior to April 25, 2019, you knew that Wirecard's annual reports, including your audit opinions, were translated into English, at least in part, to meet the requirements of SEC Rule 12g3-2(b) (17 C.F.R.§240.12g3-2(b)).

**RESPONSE:** EY Germany objects to this request to the extent it would require inquiry into knowledge beyond that gained by principal persons working on the Wirecard engagement as part of that work, as EY Germany did not provide any professional services in connection with the registration of the relevant securities. EY Germany further objects on the ground that mere knowledge that annual reports were translated into English at least in part to meet the requirements of SEC Rule 12g3-2(b) would be insufficient to establish personal jurisdiction over EY Germany. Subject to this objection and those stated above: Denied.

REQUEST FOR ADMISSION NO. 7: Admit that, prior to April 25, 2019, you knew that United States-based investors had purchased or acquired Wirecard securities.

WILLIAMS & CONNOLLY LLP*

May 10, 2023
Page 6

**RESPONSE:** EY Germany objects to this Request to the extent it would require inquiry into knowledge beyond that gained by principal persons working on the Wirecard engagement as part of that work, as EY Germany did not provide any services to Wirecard in connection with ADRs or F-shares. EY Germany further objects on the ground that mere knowledge that United States-based investors had acquired ADRs or F-shares would be insufficient to establish personal jurisdiction over EY Germany. Subject to these objections and those stated above: Admitted that EY Germany knew of the existence of ADRs and F-shares traded in the United States after the commencement of this litigation but prior to April 25, 2019.

REQUEST FOR ADMISSION NO. 8: Admit that you communicated with United States federal, state, or local government agencies, United States non-governmental regulatory bodies, or United States law enforcement agencies concerning Wirecard or WNA.

**RESPONSE:** EY Germany objects to this request on the ground that such communication would not support personal jurisdiction, particularly if it occurred after the time of the allegations in the Consolidated Class Action Complaint. Subject to this objection and those stated above: Denied.

REQUEST FOR ADMISSION NO. 9: Admit that, prior to April 25, 2019, you knew that Wirecard intended to host Wirecard's Capital Markets Day event in New York City that was held on October 8, 2019.

**RESPONSE:** EY Germany objects to this Request to the extent it would require inquiry into knowledge beyond that gained by principal persons working on the Wirecard engagement as part of that work, as EY Germany did not provide any services to Wirecard in connection with the Capital Markets Day event. EY Germany further objects on the ground that mere knowledge of the Capital Markets Day event would be insufficient to establish personal jurisdiction over EY Germany. Subject to these objections and those stated above: Denied.

REQUEST FOR ADMISSION NO. 10: Admit that, prior to April 25, 2019, you knew that your name, reputation and imprimatur in Wirecard's annual reports would be relied upon by United States investors in deciding whether to purchase Wirecard securities in the United States.

**RESPONSE:** EY Germany objects to this Request to the extent it would require inquiry into knowledge beyond that gained by principal persons working on the Wirecard engagement as part of that work, as EY Germany did not provide any services to Wirecard in connection with ADRs or F-shares. EY Germany further objects on the ground that mere knowledge that United States-based investors had acquired ADRs or F-shares—or would rely upon EY Germany's "name, reputation, or imprimatur"—would be insufficient to establish personal jurisdiction over EY Germany. EY Germany further objects to this Request to the extent it suggests EY Germany could "know" the mental state of United States investors. Subject to these objections and those stated above: Denied.

WILLIAMS & CONNOLLY LLP*
May 10, 2023
Page 7

Sincerely,

Steven M. Farina