# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re WIRECARD AG SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Civ. Action No. 2:20-cv-03326-AB<br><br>CLASS ACTION |

**CONFIDENTIALITY AGREEMENT**

The parties, by and through undersigned counsel, agree to enter the following Confidentiality Agreement ("Agreement"):

1. This Agreement shall govern the Jurisdictional Discovery (defined herein) produced in the above-captioned action, including any appeal.

2. This Agreement is binding upon:

    a. The parties to the above-captioned action, including their respective heirs, assigns, corporate parents, subsidiaries, and affiliates, and their respective attorneys, agents, experts, consultants, representatives, officers, employees, and others as set forth in this Agreement;

    b. Any person who produces a Document in the course of Jurisdictional Discovery in this litigation;

    c. Any person who obtains a Document produced or disclosed in the course of Jurisdictional Discovery in this litigation pursuant to this Agreement; and/or

    d. Any person who signs the non-disclosure agreement in the form of the Acknowledgement of Confidentiality Agreement ("Acknowledgement") attached as Exhibit 1 and incorporated herein by reference.

**I.     DEFINITIONS**

3.     As used in this Agreement:

a.     "Confidential Discovery Material" means Documents, Discovery Material, or portions thereof, and information contained therein, produced in the course of Jurisdictional Discovery in this litigation that are designated "Confidential" pursuant to the terms of this Agreement by any party, person or original source of the document (the "Producing Party") to any other party or person (the "Receiving Party") subject to this Agreement.

b.     "Confidential Personal Information" means documents, material, or information produced by the Producing Party in the course of Jurisdictional Discovery in the litigation that are designated "Personal Information" or "Sensitive Personal Information – Attorneys' Eyes Only" pursuant to the terms of this Agreement.

c.     "Discovery Material" means all products of Jurisdictional Discovery and all information derived therefrom, including, but not limited to:  (1) deposition testimony; (2) responses to written discovery requests and any copies, excerpts, or summaries thereof; (3) responses to subpoenas and authorizations for release of records; and (4) voluntary or required disclosures made by any party or person.  This Agreement is applicable to all forms of discovery, including but not limited to deposition testimony, deposition exhibits, answers to interrogatories, Documents produced in response to requests for production, responses to requests for admission, and any Documents recorded on computer disks or removable storage media.

d.     "Document" or "Documents" as used herein shall be interpreted broadly to include hard copy or electronically stored information ("ESI") including but not limited to: Discovery Material, writings, drawings, graphs, charts, records, photographs, sound recordings, images, audio-visual materials, and other data or data compilations stored in any medium from

which information can be obtained either directly or, if necessary, after translation by the Producing Party into a reasonably usable form.

        e.      "Jurisdictional Discovery" means discovery produced pursuant to the February 9, 2023 Order (ECF 95) granting Plaintiffs'[1] motion for reconsideration of Order #88 (ECF 90) and any subsequent court order permitting discovery related to the issue of whether there is personal jurisdiction over Ernst & Young GmbH Wirtschaftsprüfungsgesellschaft ("EY Germany") in this action.

        f.      "Non-party" or "non-parties" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action

        g.      "Party" or "parties" means any individual or entity named as a party to any action pending in this litigation, including all of its officers, directors, employees, consultants, retained experts, and outside counsel of record (and their support staffs).

        h.      "Person" or "persons" means any non-party or third-party subject to the Agreement as described in Paragraph 2.

        i.      "Producing Party" means a Party or Non-Party that produces Documents or Discovery Material in the course of Jurisdictional Discovery.

        j.      "Receiving Party" means a Party or Non-Party that receives Documents or Discovery Material in the course of Jurisdictional Discovery.

**II.    SCOPE**

4.    The protections conferred by this Agreement cover not only Confidential Discovery Material and/or Confidential Personal Information, but also any pleadings, discovery responses, statements, declarations, drafts, copies, photographs, depictions, excerpts, notes

---

[1] "Plaintiffs" are Lead Plaintiffs Thanh Sam and Lawrence Gallagher.

concerning, or other information generated from an inspection of a Document that quotes, incorporates, reflects, or otherwise includes, in whole or in part, Confidential Discovery Material and/or Confidential Personal Information and shall be treated in the same manner as the Document bearing the designation.

5. The protections conferred by this Agreement do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Agreement, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.

6. The protections conferred by this Agreement only govern the Jurisdictional Discovery produced in this action. In the event that the action proceeds beyond the motion to dismiss stage, the parties will meet and confer regarding a confidentiality agreement to govern any subsequent discovery produced in this action. *See* 15 U.S.C. § 78u-4(b)(3)(B).

### III. USE OF CONFIDENTIAL DISCOVERY MATERIAL AND/OR CONFIDENTIAL PERSONAL INFORMATION

7. The parties agree that Confidential Discovery Material and/or Confidential Personal Information will be used only for this litigation. Other than described herein, Confidential Discovery Material and/or Confidential Personal Information will not be used for any other purpose, including other litigation, and shall not be disclosed to any person or governmental agency or otherwise made public except in compliance with the terms of this Agreement, or by determination of the Court.

8. Any person subject to this Agreement who receives any Confidential Discovery Material and/or Confidential Personal Information in the course of Jurisdictional Discovery in the litigation shall not disclose such Confidential Discovery Material and/or Confidential Personal Information to anyone else except as expressly permitted by this Agreement pursuant to Paragraphs 22 and 23 below.

## IV. CONFIDENTIAL DISCOVERY MATERIAL

9. The Producing Party may designate as Confidential Discovery Material any Document that it in good faith believes constitutes non-public information that is used by the Producing Party in, or pertaining to, its business that would not normally be disclosed to third-parties or, if disclosed, would require third-parties to maintain the information in confidence. Information subject to a confidentiality designation may include, but is not limited to: (1) financial or business plans or projections; (2) proposed strategic transactions or other business combinations; (3) proprietary information such as research, formulations, technical information and specifications, customer names, and compilations of information related to opinion leaders and other consultants; (4) business, sales and marketing information, plans, and strategies; (5) expert studies or analyses; (6) financial information or results; (7) tax data; (8) assets and liabilities; (9) competitive analyses; (10) personnel records and information; (11) trade secrets; and (12) information submitted to any governmental or regulatory agency, which information is exempt from public disclosure.

## V. FOREIGN LAWS AND PERSONAL INFORMATION

10. Confidential Discovery Material may include personal data protected by the E.U. General Data Protection Regulation ("GDPR"), the German Federal Data Protection Act ("BDSG"), and similar data protection and privacy laws of foreign jurisdictions. A Producing Party shall not be compelled to disclose information whose disclosure is prohibited by the GDPR,

BDSG, or another foreign jurisdiction's applicable data protection or privacy laws, and a Producing Party may redact such information from any Discovery Material before production to the extent permitted under U.S. law, provided, however, that such Producing Party shall maintain an un-redacted copy of such Discovery Material for any further review by the Court.

11. Any Document produced by a party that (1) originates from a foreign jurisdiction outside the United States and is subject to the protection of foreign privacy and data protection laws and (2) which the Producing Party reasonably believes in good faith to contain information about or pertaining to a specific individual that can be linked to that individual, may be designated as "Personal Information" by the Producing Party.

12. Any Document produced by a party that (1) originates from a foreign jurisdiction outside the United States and is subject to the protection of foreign privacy and data protection laws, and (2) which the Producing Party reasonably believes in good faith to contain information about or pertaining to a specific individual that can be linked to that individual and that reveals race, ethnic origin, sexual orientation, political opinions, religious or philosophical beliefs, trade union or political party membership, or that concerns said individual's health, may be designated as "Sensitive Personal Information – Attorneys' Eyes Only" by the Producing Party.

## VI. DESIGNATION

13. The Producing Party shall effectuate a confidentiality designation by stamping or otherwise clearly marking the Document "Confidential Discovery Material," "Confidential Personal Information," or "Sensitive Personal Information – Attorneys' Eyes Only" in such a manner that will not interfere with legibility or audibility.

14. All depositions or portions of depositions taken pursuant to the February 9, 2023 Order that contain Confidential Discovery Material and/or Confidential Personal Information may be designated "Confidential" and thereby obtain the protections accorded under this

Agreement. Confidentiality designations for depositions shall be made on the record. The deposition of any witness (or any portion of such deposition) that encompasses Confidential Discovery Material and/or Confidential Personal Information shall be taken only in the presence of persons who have agreed to be bound by this Agreement and who have executed the attached Acknowledgement.

15. If at any time a party realizes that previously undesignated Documents should be designated as Confidential Discovery Material and/or Confidential Personal Information, the party may so designate by advising all other parties in writing. The designated Documents will thereafter be treated as Confidential Discovery Material and/or Confidential Personal Information pursuant to this Agreement. Upon receipt of such designation in writing, each party shall take reasonable and appropriate action to notify any and all persons to whom the party provided the Documents of the protected status of the newly designated Confidential Discovery Material and/or Confidential Personal Information, and to retrieve the same from any person to whom the party has provided it who is not permitted by this Agreement to be in possession of such information.

16. Any party objecting to any "Confidential," "Personal Information," or "Sensitive Personal Information – Attorneys' Eyes Only" designation, may at any time during the pendency of the litigation serve upon counsel for interested parties a written notice stating with particularity all good-faith reasons for the objection. The parties shall make good faith efforts to resolve any dispute with opposing counsel, including meeting and conferring with counsel for the Producing Party regarding the designation of individual Documents. If agreement cannot be reached, the dispute will be submitted to the Court, consistent with the Federal Rules and local practice. Pending resolution of the dispute by the Court, the material designated as "Confidential,"

"Personal Information," or "Sensitive Personal Information – Attorneys' Eyes Only," shall remain so designated pursuant to this Agreement.

## VII.   PRIVILEGE

17.   Inadvertent production or other disclosure of Documents subject to work-product privilege, the attorney-client privilege, or other legal privilege or immunity that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the Producing Party notifies the Receiving Party in writing when it becomes aware of such inadvertent production.  Upon notification, the Receiving Party shall immediately return, or destroy the inadvertently produced Document and all copies from any litigation-support or other database, as well as notes and work product reflecting the contents of such materials.  The Producing Party shall immediately update its privilege log to include the inadvertently produced Document(s), and will produce a replacement production for the clawed back Document(s) as well as updated privilege log information for the Document(s) within seven days of the date they notified the Receiving Party of the inadvertent Production.  If only a portion of the Document is privileged, the Producing Party shall provide a new version of the Document in which the privileged information has been redacted.  No further use or disclosures shall be made of the inadvertently produced Document(s), and the Receiving Party shall take all reasonable and appropriate steps to retrieve the Document(s), and all copies, from any person to whom the Receiving Party has provided it.  Any person who receives such inadvertently produced Document(s) need not wait for notice from the Producing Party before complying with the above, and is expected to comply with the requirements of this paragraph as soon as it is known or should be known that the Document produced is privileged and/or protected.

18.   Any party who objects to the Producing Party's claim of privilege shall serve upon counsel for interested parties a written notice stating with particularity all good faith

reasons for the objection.  The parties shall make good faith efforts to resolve any dispute with opposing counsel, including meeting and conferring with counsel for the Producing Party, regarding the designation of any inadvertently produced Document(s).  If agreement cannot be reached, either party may submit the dispute to the Court.  Upon agreement of the parties or order of the Court that the Documents are in fact protected, the Receiving and/or challenging Party shall immediately return or destroy the inadvertently produced Documents, any copies from any litigation-support or other database, and any notes or work product reflecting the contents of such materials.

19. The parties shall have the benefit of all limitations on waiver afforded by the Federal Rules of Civil Procedure and Federal Rules of Evidence 501 and 502.  Failure to assert privilege in the litigation as to one Document shall not be deemed to constitute a waiver of the privilege of any other Document allegedly so protected, even involving the same subject matter.  Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding.

**VIII.   DISCLOSURE**

20. Each person who has access to Confidential Discovery Material and/or Confidential Personal Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material.

21. A party who learns of an unauthorized disclosure of Confidential Discovery Material and/or Confidential Personal Information by it or by any person to whom the party has disclosed such information pursuant to this Agreement shall immediately:  (a) issue written notice of the unauthorized disclosure to the Producing Party; (b) use best efforts to retrieve all copies of the Confidential Discovery Material and/or Confidential Personal Information subject to unauthorized disclosure; (c) inform all persons to whom unauthorized disclosure was made of

the terms of this Agreement; and (d) use best efforts to secure a signed Acknowledgement from all persons to whom the unauthorized disclosure was made.

22. Confidential Discovery Material and Confidential Personal Information shall not be disclosed to any person, except as follows:

a. Counsel of record for the parties in the litigation, including their partners, associates, paralegals, clerical staff, and other staff employed by counsel for work on the litigation to the extent reasonably necessary to render professional services in the litigation;

b. A party's in-house paralegals and outside counsel, including any attorneys employed by or retained by the party's outside counsel who are assisting in connection with this litigation, and the paralegal, clerical, and other staff employed or retained by such outside counsel or retained by the attorneys employed by or retained by the party's outside counsel;

c. Outside consultants, outside experts, or other persons providing advice to counsel (including mock juries), who have been retained for the purpose of assisting counsel in the litigation, provided such persons have first executed the attached Acknowledgement;

d. Employees of outside counsel or third-party vendors involved solely in one or more aspects of reviewing, organizing, filing, coding, converting, storing or retrieving Documents or designating programs for handling Documents connected with the litigation, including the performance of such duties in relation to a computerized litigation support system;

e. With respect to a specific Document, the Document's author, addressees, and any other person shown on the face of the Document as having received a copy;

f. Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in the litigation, provided such person has first executed the attached Acknowledgement;

    g.  Insurers and indemnitors to the extent reasonably necessary to defend and evaluate the claims set forth in this lawsuit;

    h.  Any party to the case, provided such person has first executed the attached Acknowledgment;

    i.  The Court, court personnel, and court officials involved in this litigation (including court reporters, videographers, and any special master appointed by the Court);

    j.  Mediators with whom the parties have agreed to mediate some or all of the cases pending in the litigation;

    k.  Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    l.  Any other person, if consented to in writing by the Producing Party.

  23.  Confidential Discovery Material designated as "Sensitive Personal Information – Attorneys' Eyes Only" may only be disclosed to:

    a.  Counsel of record for the parties in the litigation, including their partners, associates, paralegals, clerical staff, and other staff employed by counsel for work on the litigation to the extent reasonably necessary to render professional services in the litigation;

    b.  A party's outside counsel, including any attorneys employed by or retained by the party's outside counsel who are assisting in connection with this litigation, and the paralegal, clerical, and other staff employed or retained by such outside counsel or retained by the attorneys employed by or retained by the party's outside counsel;

    c.  A witness at any deposition during Jurisdictional Discovery who has first executed the Acknowledgement in the form attached, or is an employee of the Producing Party or who authored or was copied on the document;

    d.  Outside consultants, outside experts, or other persons providing advice to counsel (including mock juries), who have been retained for the purpose of assisting counsel in the litigation, provided such person has first executed the Acknowledgement in the form attached;

    e.  The Court, court personnel, and court officials involved in this litigation (including court reporters, videographers, and any special master appointed by the Court);

    f.  Mediators with whom the parties have agreed to mediate some or all of the cases pending in the litigation;

    g.  Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    h.  Any other person, if consented to in writing by the Producing Party.

  24.  If another court or an administrative agency subpoenas or otherwise orders production of Confidential Discovery Material and/or Confidential Personal Information, which any party or other person has obtained under the terms of this Agreement, the party or other person to whom the subpoena or other process is directed shall immediately notify the Producing Party in writing of the following: (1) Confidential Discovery Material and/or Confidential Personal Information that are requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party or person serving the subpoena and all available contact information for the serving party's counsel; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action, or other identification number, or other designation identifying the litigation, administrative proceeding, or other proceeding in which the subpoena or other process has been issued, unless prohibited by law.  The subpoenaed party or

person shall not produce Confidential Discovery Material and/or Confidential Personal Information prior to providing the Producing Party written notice of the request and confirming receipt of same, at which time the Producing Party bears the burden (and all costs) of opposing the subpoena or other notice as it deems appropriate. The party or person receiving the subpoena or other notice shall cooperate with the Producing Party in any proceeding relating thereto. Nothing in this Agreement shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

25. This Agreement shall not apply to, or restrict, Confidential Discovery Material and/or Confidential Personal Information used at the time of any mediation, hearing, or trial as evidence in this action.  Protection of Confidential Discovery Material and/or Confidential Personal Information at trial may be addressed by the Court as a separate matter upon the motion of any party.  The provisions of this Agreement shall not prejudice the rights of the parties with respect to the use or protection of Confidential Discovery Material and/or Confidential Personal Information at any mediation, hearing, or trial in this action.

26. Nothing in this Agreement shall preclude a party from using or disclosing its own Confidential Discovery Material and/or Confidential Personal Information in any manner it sees fit, without the prior consent of any other party and without waiving its confidentiality status under this Agreement.

27. Additional parties may be added to the litigation as allowed under the applicable Rules of Civil Procedure and once added they and their counsel of record shall be deemed bound by and obligated to comply with the terms of this Agreement.  Before receiving Confidential Discovery Material and/or Confidential Personal Information, counsel of record for added parties, who were not involved in the litigation when this Agreement went into effect, must

acknowledge in writing receipt of a copy of this Agreement and confirm their agreement to be bound by the terms of this Agreement as if they had stipulated to it at the time of entry, at which time the party shall be considered a "party" to this Agreement.  No newly-added party to the litigation or its counsel shall have access to Confidential Discovery Material and/or Confidential Personal Information until the newly-added party to the litigation, its counsel and agents are subject to the terms of this Agreement as provided herein.

**IX.   DURATION**

28.     The provisions of this Agreement shall not terminate at the conclusion of this action.  Except as otherwise expressly provided in this Agreement, within 30 days after final conclusion of this litigation, or such other time as the Producing Party may agree in writing, counsel shall, at their option, return or destroy all Documents designated as containing Confidential Discovery Material and/or Confidential Personal Information, and all copies thereof.  If counsel elects to destroy Confidential Discovery Material and/or Confidential Personal Information, they shall consult with counsel for the Producing Party on the manner of destruction and obtain such Producing Party's consent as to the method and means of destruction.  Each Receiving Party shall certify, in writing, as to such return or destruction of the Confidential Discovery Material and/or Confidential Personal Information within the 30-day period.  The parties shall petition the Court to order the Clerk to return any Confidential Discovery Material and/or Confidential Personal Information filed under seal as set forth in the local rules and by the Clerk of Court.  Outside counsel for the parties, however, shall not be required to return or destroy any pretrial or trial records that are regularly maintained by that counsel in the ordinary course of business; which records will continue to be maintained as Confidential Discovery Material and/or Confidential Personal Information in conformity with this Agreement, and which include:  privileged communications, work product (including, for example, notes, summaries

and compilations of confidential materials), deposition transcripts and attached exhibits, signed copies of the Acknowledgement of Confidentiality Agreement, and all court-filed documents even though they contain Confidential Discovery Material and/or Confidential Personal Information, but such Documents shall remain subject to the terms of this Agreement.

29. The Court shall retain jurisdiction over all persons and parties subject to this Agreement to the extent necessary to modify this Agreement, enforce its obligations, or to impose sanctions for any violation.

30. This Agreement does not authorize the parties to seal court filings or court proceedings.  The Court will make the appropriate determination for filing under seal if and when the parties seek to file Confidential Discovery Material and/or Confidential Personal Information under seal.

31. Nothing in this Agreement shall preclude the parties from challenging the Confidential Designations made by any party or nonparty to this case.

[ INTENTIONALLY LEFT BLANK ]

IT IS SO AGREED TO, THROUGH COUNSEL OF RECORD.

Dated:  April 19, 2023

| | |
|---|---|
| **ROBBINS GELLER RUDMAN & DOWD LLP**  /s/ Shawn A. Williams  Shawn A. Williams  Hadiya K. Deshmukh  Jacob G. Gelman  Post Montgomery Center  One Montgomery Street, Suite 1800  San Francisco, CA  94104  Telephone: 415/288-4545  shawnw@rgrdlaw.com  hdeshmukh@rgrdlaw.com  jgelman@rgrdlaw.com | **WILLIAMS & CONNOLLY LLP**  /s/ Steven M. Farina  Craig D. Singer (PA State Bar No. 71394)  Steven M. Farina (admitted *pro hac vice*)  George A. Borden (admitted *pro hac vice*)  Amanda M. MacDonald (admitted *pro hac vice*)  680 Maine Avenue, SW  Washington, DC 20024  (202) 434-5000  csinger@wc.com  sfarina@wc.com  gborden@wc.com  amacdonald@wc.com |
| **HAGENS BERMAN SOBOL SHAPIRO LLP**  Reed R. Kathrein  Wesley A. Wong  715 Hearst Avenue, Suite 202  Berkeley, CA  94710  (510) 725-3000  reed@hbsslaw.com  wesleyw@hbsslaw.com | *Attorneys for Defendant Ernst & Young GmbH Wirtschaftsprüfungsgesellschaft* |

Steven W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA  98101
(206) 623-7292
steve@hbsslaw.com

*Lead Counsel for Lead Plaintiffs Thanh Sam and Lawrence Gallagher*

**SAXTON & STUMP**
Lawrence F. Stengel (PA Bar No. 32809)
280 Granite Run Drive, Suite 300
Lancaster, PA  17601
(717) 556-1000
lfs@saxtonstump.com

*Local Counsel for Lead Plaintiffs*

**SEEGER WEISS LLP**
Christopher A. Seeger (*pro hac vice*)
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
(212) 584-0700
cseeger@seegerweiss.com

*Additional Counsel for Plaintiff*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
(212) 697-6484
peretz@bgandg.com

*Additional Counsel for Lead Plaintiff Thanh Sam*

# EXHIBIT 1

# ACKNOWLEDGEMENT OF CONFIDENTIALITY AGREEMENT

I, _____, acknowledge that I have read and understand the Confidentiality Agreement ("Agreement") in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential ("Confidential Discovery Material") and/or as Personal Information or Sensitive Personal Information ("Confidential Personal Information").  I agree that I will not disclose such Confidential Discovery Material and/or Confidential Personal Information to anyone other than for purposes of this action and that at the conclusion of the action I will return all such Confidential Discovery Material and/or Confidential Personal Information to the party or attorney from whom I received it.  By acknowledging these obligations under the Agreement, I understand that I am submitting myself to the jurisdiction of the Commonwealth of Pennsylvania for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Agreement could subject me to punishment.

Dated this \_\_\_\_\_ day of _____, \_\_\_\_.

_____