**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: WIRECARD AG SECURITIES LITIGATION | No. 2:20-cv-03326-AB <br><br> <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO: <br><br> ALL CASES | |

## ORDER

**AND NOW**, this **14th day** of **June, 2023**, upon consideration of the parties' Joint Stipulation and Proposed Order (ECF No. 105), it is **ORDERED** that:

- The hearing on Plaintiffs' Motion to Seal (ECF No. 101) is continued and will be rescheduled at a later date.

- **On or before June 20, 2023,** Defendant Ernst & Young GmbH Wirtschaftsprüefungsgesellschaft ("EY Germany") may file a response to Plaintiffs' Motion to Seal (ECF No. 101).

- If any party would like exhibits filed with the Court to be sealed, that party must make an individualized, document-by-document factual showing and legal argument to rebut the presumption of public access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).[1]

---

[1] According to the Third Circuit:

> A "judicial record" is a document that "has been filed with the court ... or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *In re Cendant Corp.*, 260 F.3d 183, 192-93 (3d Cir. 2001). Once a document becomes a judicial record, a presumption of access attaches. . . .

1

2

                                               *S/Anita B. Brody*
                                               ANITA B. BRODY, J.

COPIES VIA ECF_____

---

*In re Avandia*, 924 F.3d at 672.